[No. 2687.  Decided December 4, 1897.]

FREDERICK TAAKE, *Respondent,* v. CITY OF SEATTLE,
*Appellant.*

APPEAL — LAW OF CASE — MUNICIPAL CORPORATIONS — LIABILITY FOR
DEFECTIVE STREETS.

Upon the retrial of a cause after remand upon appeal, the defendant cannot put in issue as a defense the dismissal of a co-defendant made by the plaintiff pending the appeal, when the same point was raised on the appeal as a ground for its dismissal against the present defendant, also, and passed upon adversely to defendant, thus becoming the law of the case.

Whether a street has been legally laid out by a city or not, the city is liable for injuries received by reason of its defective condition, upon proof of user by the public at the instance or invitation of the city.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge.  Affirmed.

*John K. Brown,* and *F. B. Tipton,* for appellant.
*Brady & Gay,* and *Milo A. Root,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This cause was once before in this court upon an appeal by plaintiff from an order directing a non-suit, and is reported in 16 Wash. 90 (47 Pac. 220).  Upon that appeal the order was reversed, and at the trial which followed the plaintiff recovered judgment, from which the city has appealed.

There are substantially but two questions involved in the present appeal.  The first relates to certain rulings of the court with reference to the defense—interposed by way of a supplemental answer—that the plaintiff (respondent here) had settled with the Seattle, Lake Shore and Eastern Rail-

way Company, one of the original defendants in the action, by a stipulation entered in this court during the pendency of the former appeal. We do not think the defendant was entitled to have the matter pertaining to the so-called defense submitted to the jury. When the cause was here upon the former appeal the appellant (respondent then) filed a motion in this court to dismiss the appeal of plaintiff (respondent now) for the identical reason urged in the supplemental answer which we are now considering. Its motion then was, and its answer now is, based upon the stipulation above referred to. The motion to dismiss was denied, and the decision thereon became the law of the case. For this reason we must decline to review the rulings of the trial court relating to that branch of the case.

The further contention is made that Railroad avenue, so-called, in the city of Seattle, is not and never has been a public street, and never has been recognized by the city as such, but was laid out and occupied solely as, and intended to be, a railroad right of way for use by railroads only as rights of way, to enable them to enter the city. The non-suit from which plaintiff prosecuted the prior appeal to this court was granted because the trial court adopted that view of the situation, and in effect held that Railroad avenue was not a public street. That question was also passed upon by this court. Concerning it we said:

" The right of the party injured to obtain redress does not depend upon the technical rights of a city to maintain a street. If, as a matter of fact, this street was laid out by the city of Seattle, was used by it as a street, and the public were invited to use it as such, it becomes its duty to maintain it in proper repair, and to protect the life and limb of those whom it invites to travel upon it, and the ordinary traveler is not called upon to examine the technical legality of the proceedings of the city in opening or laying out the street; so that the question in this case is, was there testi-

mony tending to show the user by the public, at the instance or invitation of the city, of the street at the place where this hole was left unguarded, and where the alleged injuries were sustained.

" An examination of the testimony introduced, and of other testimony which was offered and rejected, convinces us that there was sufficient testimony on that point to go to the jury, and, if believed by the jury, to sustain a verdict."

An examination of the record convinces us that plaintiff's case upon the evidence was as strong on this trial as at the former one, and for that reason the verdict can not be held to be against the evidence.

The verdict can also be sustained upon another theory supported by the evidence. The complaint alleges and the proof shows that the hole or opening through which the respondent fell was at the point of intersection of Spring street and Railroad avenue, and were we to accede to the claim of appellant, that Railroad avenue is not a public street, no such claim is or can be made concerning Spring street. It was laid out and established by ordinance, and extended across and beyond Railroad avenue, and thereon the city erected a wharf and dock, and established headquarters for its harbor master. So that, if we were to assume that the proceedings of the city council with reference to the laying out of Railroad avenue were absolutely void, it would nevertheless appear that the injury sustained by respondent resulted from a defective condition of a public street, to-wit: Spring street. In either view the judgment must be affirmed.

SCOTT, C. J., and ANDERS, REAVIS and DUNBAR, JJ., concur.