DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 2830.   Decided February 23, 1898.]

MARY ELLEN ROWE *et al., Appellants,* v. CITY OF BALLARD, *Respondent.*

MUNICIPAL CORPORATIONS — DEFECTIVE STREETS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether a woman was chargeable with negligence contributing to injuries received by her in falling into a hole while walking along an unimproved street full of holes and stumps, on a dark night, without lantern or companion, when she might have gone around a longer way home by traveling upon improved sidewalks, was a question for the jury.

Whether plaintiff in such a case knew, or should be held to have known, of the existence of the excavation into which she fell, by reason of her residence at no great distance therefrom, is a question for the jury, when she testifies as to her ignorance thereof.

Where a street has been platted as part of a city and used by the public as a highway, the city is liable for injuries received by a passenger thereon who without fault falls into an excavation made by the city in the street, although the city may have never assumed to improve the street, but has allowed it to remain in its natural condition, aside from excavations made therein for gravel to use elsewhere.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*W. D. Lambuth*, for appellants:

Streets and highways are treated and the rules laid down and established as to liability of cities, regardless of whether the street in question is a graded or improved street or not. *Carroll v. Centralia Water Co.*, 5 Wash. 617; *Beck v. Carter*, 68 N. Y. 283 (23 Am. Rep. 175); *Lindholm v. St. Paul*, 19 Minn. 245; *Murphy v. Indianapolis*, 83 Ind. 76; *Meiners v. St. Louis*, 32 S. W. 637; *Brennan v. St. Louis*, 92 Mo. 482; *Sexton v. Zett*, 44 N. Y. 430; *Sutton v. Snohomish*, 11 Wash. 24 (48 Am. St. Rep. 847); *Lorence v. Ellensburgh*, 13 Wash. 341 (52 Am. St. Rep. 42).

Where the street has been rendered unsafe, or less secure, by the direct act, order or authority of the municipal corporation, no question has been made or can reasonably exist as to liability of the city. *Oliver v. Worcester*, 102 Mass. 489 (3 Am. Rep. 485); *Young v. Harvey*, 16 Ind. 314; *Springfield v. LeClaire*, 49 Ill. 478. The digging of such a pit as the one in this case and leaving it unguarded is negligence, and such hole is a nuisance. *Hutchinson v. Olympia*, 2 Wash. T. 320; *Denver v. Dunsmore*, 3 Pac. 709; *Hadley v. Taylor*, L. R. 1 C. P. 53.

Where the excavation is outside the traveled way, the question of liability depends on the circumstances of the particular case and is for the jury. *Cobb v. Standish*, 14 Me. 198; *Norwich v. Breed*, 30 Conn. 535; *Murphy v. Gloucester*, 105 Mass. 470; *Hinckley v. Somerset*, 145 Mass. 326; *North Manheim v. Arnold*, 119 Pa. St. 380 (4 Am. St. Rep. 650); *Koester v. Ottumwa*, 34 Iowa, 41. Sufficiency of highway always a question for the jury. *Wheeler v. Westport*, 30 Wis. 392; *Saylor v. Montesano*,

11 Wash. 334; *Craig v. Sedalia*, 63 Mo. 419; *Byerly v. Anamosa*, 79 Iowa, 204; *Bassett v. St. Joseph*, 53 Mo. 290 (14 Am. Rep. 446). It is not negligence *per se* to travel after night without a light. *Williams v. Clinton*, 28 Conn. 264; *Daniels v. Lebanon*, 58 N. H. 284. That traveler might have taken another way is immaterial. *Erie v. Schwingle*, 22 Pa. St. 384 (60 Am. Dec. 87.)

*P. V. Davis*, for respondent:

It cannot be denied that the plaintiff, Mary Ellen Rowe, knew, or ought to have known, the general condition of First avenue and of the existence of the excavation. She lived but four hundred feet from it, along the same street, for at least two years, and had frequently traveled along First avenue. She passed down the very street the night of the accident before dark, and within a few feet of this excavation; and then, after church, when it was extremely dark, she attempted to go home along this street without a companion and without a lantern, when it was absolutely unnecessary for her to do so. We contend, under this state of facts, she was bound to know of the excavation. It appears from her own testimony that she was wandering about in the dark, and did not know where she was, and under these circumstances she was certainly guilty of gross and culpable contributory negligence as a matter of law. *Hesser v. Grafton*, 11 S. E. 211; *Morrison v. Shelby County*, 19 N. E. 316; *Bruker v. Covington*, 69 Ind. 33; *Pittman v. El Reno*, 46 Pac. 495; *Casey v. Fitchburg*, 38 N. E. 499; *McCabe v. Buffalo*, 18 N. Y. Supp. 389; *Cummins v. Syracuse*, 3 N. E. 680; *Hartman v. Muscatine*, 30 N. W. 859; *Wright v. St. Cloud*, 55 N. W. 819; *Church v. Howard City*, 69 N. W. 651; *Parkhill v. Brighton*, 15 N. W. 853; *Phillips v. Ritchie County*, 7 S. E. 427; *Schaefler v. Sandusky*, 33 Ohio St.

246 (31 Am. Rep. 533); *Township of Crescent v. Anderson*, 8 Atl. 379; *City of Meridian v. Hyde*, 11 South. 108; *Wilson v. Charlestown*, 8 Allen, 137; *Lovenguth v. Bloomington*, 71 Ill. 238; *Mt. Vernon v. Dusouchett*, 2 Ind. 586 (54 Am. Dec. 467); *Jonesboro, etc., Turnpike Co. v. Baldwin*, 57 Ind. 86; *Fulliam v. Muscatine*, 30 N. W. 861.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the appellants, Mary Ellen Rowe and her husband Anthony Rowe, for alleged damages sustained by Mary Ellen Rowe in falling into an excavation or pit in one of the streets within the corporate limits of Ballard. The street had not been graded at this point, but the evidence shows that it had been used by wagons, carriages and pedestrians, and that well-defined roads and paths had been beaten in such street. The hole was from six to ten feet deep and from fifty to sixty feet wide, and was at the intersection of two streets, and the banks around a part of the excavation were overhanging. Mrs. Rowe, in attempting to go from church one dark night, fell into this excavation and sustained the injuries complained of. After the testimony of the plaintiff had been submitted, on motion of the respondent a nonsuit was granted by the court. The motion alleged the facts that the evidence showed that the street was full of stumps and holes and not improved, that the plaintiff attempted to pass up the street on a dark night without a lantern or companion, and that she should have gone around Broadway, Second avenue and Crawford street to her home. The motion was sustained on the ground of contributory negligence. We think the court erred in granting this nonsuit, under the rule laid down by this court in *Carroll v. Centralia Water Co.*, 5 Wash. 613 (32 Pac. 609). In that case the injury was sustained by the plaintiff by stepping

into a hole in an alley, and this court held that it was immaterial whether the city had ever formally accepted the alley as a public highway or had improved it by grading or otherwise. The evidence in that case showed that the alley had not been graded, that it was a rough alley, but that there was a path leading down it, which had been used somewhat by the inhabitants of the city. The testimony in this case we think shows that the roads in the streets of the city of Ballard upon which this excavation existed were better defined and had been more universally traveled than the alley in the case above referred to, and it was held in that case that, inasmuch as the alley had been platted, it had been made a public highway over which all persons had the right at any and all times to pass. But in this case, although the street had not been graded, permission had been given by the city to the public to travel the street, such permission had been accepted and the street had been used to such an extent as to wear the roads and paths which we have before mentioned, and we know of no law which will allow a city to dig an excavation or to establish or make any pitfall within its corporate limits, and maintain the same without guards or warnings of any kind to the traveling public without being held responsible in damages to the parties who, without fault, fall into the same, even though such streets may not have been formally graded. Mr. Dillon, in his work on Municipal Corporations, § 1024, lays down the rule as follows:

"Where streets have been rendered *unsafe by the direct act, order or authority of the municipal corporation* (not acting through independent contractors, the effect of which will be considered presently), no question has been made, or can reasonably exist, as to the liability of the corporation for injuries thus produced, where the person suffering them is without contributory fault, or was using due care. Even in those states in which a municipality is not held *impliedly* liable to a private action for neglecting to keep

its streets in repair, it is yet held to be liable if it, or its officers under its authority, by positive acts place obstructions on the streets or by such acts otherwise render them unsafe, whereby travelers are injured."

And in this case the testimony was to the effect that this excavation had been at least partially made by the city authorities by taking the sand or gravel from the pit for the purpose of filling holes and depressions in the streets in other parts of the city. So that, outside of the question of whether the city would be liable for maintaining an excavation of this kind which had been made by others—a question which we do not now decide—under the testimony of this case, there is no question of its liability, provided, of course, that there was no contributory negligence on the part of the appellant. It is argued by the counsel for the city that contributory negligence was shown from the fact that Mrs. Rowe had been a resident of the city of Ballard for several years and that her residence was at no great distance from this excavation and that she must therefore necessarily have known of its existence. Mrs. Rowe testified positively that she did not know of the existence of this excavation, and whether, under the circumstances, she could be held to have known of it, was purely a question for the jury to decide. *Albion v. Hetrick,* 90 Ind. 545 (46 Am. Rep. 230); *Sutton v. Snohomish,* 11 Wash. 24 (48 Am. St. Rep. 847, 39 Pac. 273).

It is also insisted that inasmuch as there is a street which had a safe sidewalk upon which she might have traveled homeward that night, which would have taken her only a couple of blocks out of her way, it was negligent as a matter of law for her to have pursued her way up this unopened street. Under the condition of the roads and paths in this street described by the testimony, we do not think that it would have been negligent in any event for her to have chosen the way which she did to reach her home, but,

should it be held otherwise, her explanation for not going around by Broadway, it seems to us, is an acceptable one. After stating the way she went to church, she proceeds:

"Coming out I thought I would come the same way, as it was nearer than going on to Broadway, for going on Broadway you would have to go up Broadway, up Second avenue, down Crawford, and at that time Crawford had no railing to it, and right next to Mr. (Seal's?) on Crawford was a very dangerous place before the railing was put on, which has since been put on. Very often I was afraid of falling in there, so that it was much safer for me to come back up again First avenue than it would be to go even that way."

·On this proposition, it is said in § 1008 of Dillon's Municipal Corporations (4th ed.):

"So sidewalks and street crossings are constructed for the use of foot-passengers ·but if these happen to be obstructed, or to be in such a dangerous condition as to deter an ordinarily prudent man from using them, then one may walk elsewhere."

And in any event the question of whether or not it was negligence to leave the sidewalk and pursue the open street was a question for the jury. On the ground of contributory negligence under such circumstances the rule is thus announced by Shearman and Redfield on the Law of Negligence, § 350:

" The qestion, what is a 'safe and convenient' road or bridge, or what is a 'defect or want of repair' therein, within the meaning of these terms as used in the statutes of the states to which we have referred, is one of fact for the jury to determine, under the instruction of the court, upon the circumstances of each particular case, such as the season of the year, the hour of the day or night, the manner in which the accident occurred, and the nature of the accident itself."

And this includes the other contention of the appellant that it was negligence for this woman to travel on a dark night along this street without any light and without any guide or companion. These are all, we think, under the almost universal authority, questions which should be submitted to the jury.

Finding, then, that the uncontradicted testimony of the plaintiff does not establish any contributory negligence on the part of the plaintiff as a question of law, the judgment will be reversed and the cause remanded with instructions to overrule the motion for a nonsuit.

GORDON, ANDERS and REAVIS, JJ., concur.