[No. 3346.  Decided April 18, 1900.]

ANNA BUSSANICZ, *Respondent,* v. GEORGE T. MYERS *et al., Appellants.*

NEGLIGENCE—ACTION FOR LOSS OF FISHING OUTFIT—CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE—INSTRUCTIONS.

In an action to recover the value of a fishing outfit, alleged to have been lost through the negligence of defendants while towing the same to certain fishing grounds, to which the defense set up was contributory negligence, a charge to the jury that the employees of plaintiff were required to use such care as ordinarily prudent fishermen generally use under circumstances entirely similar to those surrounding the employees at the time the outfit was lost, was not error prejudical to defendants because of the use of the word "fishermen" instead of the word "persons," in defining the degree of care necessary to be employd by plaintiff, since there can be no presumption that the conduct of ordinarily prudent fishermen would have been any less prudent than the conduct of ordinarily prudent persons in general.

SAME.

Nor is the charge erroneous on the ground that there was no testimony before the jury showing how ordinarily prudent fishermen should have acted under similar circumstances, since the ultimate fact of negligence must be inferred by the jury from the facts shown, and is not to be established by the mere opinion of witnesses as to whether such facts did or did not constitute negligence, where the facts from which negligence is sought to be inferred are within the experience of men of common knowledge and education, and do not involve questions of science or skill, requiring special and peculiar information.

Appeal from Superior Court, King County. — Hon. E. D. BENSON, Judge. Affirmed.

*White, Munday & Fulton,* for appellants.

*John E. Humphries, William E. Humphrey* and *Harrison Bostwick,* for respondent.

24—22 WASH.

PER CURIAM.—The respondent brought this action to recover from the appellants the value of a certain fishing outfit, consisting of a scow, two skiffs, a seine, and other apparatus, which she alleges the appellants lost through their carelessness and negligence while towing the same from Seattle to the fishing grounds near San Juan Islands, under a contract of hire. The appellants admit that the outfit was lost while they were towing it, but deny that there was any contract between themselves and the respondent by which they agreed to tow the outfit between the points designated, and allege affirmatively that when towing their own fishing outfits between these points they permitted the respondent, at her special request, to tie on to their tow line, and that the loss of the respondent's fishing outfit was the direct result of the negligence of respondent and her employees, and was through no fault of the appellants.

At the close of respondent's case the appellants moved for a non-suit on the ground that the evidence failed to show any negligence on their part, which motion the court overruled, and this ruling constitutes the first error assigned. It would serve no useful purpose to discuss the testimony. A careful examination of the record, however, has convinced us that there was a substantial dispute upon all of the material issues of fact involved, and, the jury having found for the respondent, their verdict should not be disturbed.

On the question of the contributory negligence of the respondent and her employees, the court charged the jury to the effect that the employees of respondent were required to use such care as ordinarily prudent fishermen generally use under circumstances entirely similar to those surrounding the employees at the time the outfit was lost. It is objected to this that the court should have used the

word "persons" instead of the word "fishermen"; that there was nothing before the jury to inform them how ordinarily prudent fishermen ought to act under circumstances such as surrounded the employees of the respondent at the time of the loss, and, were the charge proper in any case, it was erroneous and prejudicial here for that reason. But, if it be conceded that the conduct required of the employees of respondent was such as ordinarily prudent persons would have exercised under the same or similar circumstances, it was not error prejudicial to the appellants to charge that their conduct should have been such as ordinarily prudent fishermen would have exercised. There can be no presumption that the conduct of ordinarily prudent fishermen would have been any less prudent than the conduct of ordinarily prudent persons in general. On the contrary, under the facts in this case, the presumption would be the other way. The fishing outfit was lost during a storm at sea. Fishermen, familiar with such storms, certainly would be more competent to protect fishing property at such a time than would persons unfamiliar with them. Nor was the charge erroneous because there was no testimony before the jury showing how ordinarily prudent fishermen should have acted under circumstances such as surrounded the employees of respondent at the time of the loss. Where the facts from which negligence is sought to be inferred are within the experience of men of common knowledge and education, the ultimate fact of negligence must be inferred by the jury from the facts shown, and is not to be established by the mere opinion of witnesses as to whether such facts did or did not constitute negligence. Expert testimony on the question whether a particular state of facts constitutes negligence is proper only in that class of cases where the facts involve questions of science or skill, requiring special and peculiar informa-

tion, not within the knowledge of the generality of man-
kind. The facts here involved were not of the latter class.

The charge of the court fully and fairly stated the law
of the case, and his refusal to give the charges requested
by the appellants was not error.

The judgment is affirmed.