[No. 3977. Decided July 5, 1902.]

ANNIE JOSLIN BRABON *et al., Respondents,* v. CITY OF SEATTLE, *Appellant.*

MUNICIPAL CORPORATIONS — INJURY TO TRAVELER ON UNGRADED STREET — LIABILITY OF CITY.

A city cannot escape liability for injuries caused by defects in an unimproved street where the street had been dedicated to the public and used by the public for years as a highway, and the

city had so far recognized it as a public street as to change its name by ordinance and to lay a sewer along it.

SAME — ACTION FOR NEGLIGENCE — INSTRUCTIONS.

In an action against a city to recover for the death of a fireman as the result of the overturning of a hosecart on which he was riding, caused by the cart's striking the root of a tree projecting into the highway, the court properly refused a requested instruction to the effect that, if the accident occurred because of the negligence of the driver, plaintiffs could not recover, where the evidence did not show that the driver's negligence was the sole cause of the accident.

FELLOW SERVANTS — EMPLOYEES OF CITY FIRE DEPARTMENT.

The driver of a hosecart and a fireman, although both in the employ of the city fire department, are not fellow servants.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*W. E. Humphrey* and *Edward Von Tobel,* for appellant.

*G. Ward Kemp* and *John Kelleher,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—Brabon was a member of the paid fire department of the city of Seattle. He was killed while on the way to a fire by the overturning of a hose cart on which he was riding. This action was brought to recover for his death. On the day of the accident he rode in his accustomed and proper place on the rear platform of the cart, which was being driven by its regular driver, whose duty it was to regulate the speed and select the route of the cart while on the road from the fire station to the place of the fire. While proceeding on his way at the time in question, the driver turned into an ungraded street, known as "East St. John street," where he ran onto a root extending from a stump on the side of the traveled way partially across the track, which caused the cart to overturn and fall upon Brabon, inflicting the injuries from which he

died.    From the judgment in favor of the respondents the city appeals.

The appellant first contends that because the evidence fails to show that the city had graded the street, or had otherwise attempted to improve or prepare it for public travel, it is not liable for injuries caused by defects therein, claiming that as to the city it was a street only in name, and that any one using it did so without invitation from the city, either express or implied, and consequently at his peril.    There are cases which maintain the rule that the mere fact of establishing a highway by judicial action does not of itself so open it to the public as to render the municipality liable for injuries that may occur to travelers thereon because of defects therein; and this perhaps is the general rule.    There are cases also which hold that a dedication by a land owner of a public street, unaccepted by the municipality in which it is situated either by ordinance, resolution, or other appropriate formal action, or by user short of the period necessary to establish a highway by prescription, will not have that effect.    But neither of these rules apply to the facts of the case before us.    Here the street was dedicated in 1875.    The city has so far recognized it as a public street of the city as to change its name by ordinance, and to lay a sewer along it.    It has graded the streets running at right angles to it on each end, and suffered and permitted it to be used without objection by vehicles of all kinds for a period long enough to establish a highway by prescription under the statutes of this state. It may be that the demands upon it did not require it to be graded or cleared for its full width, but the city, after having recognized it as a public street and permitted its use thereafter, was bound to maintain a reasonably safe way along it, sufficient to accommodate the travel upon it, and is liable, under the rule in this state, to one who, with-

out fault, is injured thereon because of defects therein,
while using it for a lawful purpose and in the manner it
was intended to be used.    *Rowe v. Ballard,* 19 Wash. 1
(52 Pac. 321) ; *Taake v. Seattle,* 18 Wash. 178 (51 Pac.
362) ; *Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273, 48
Am. St. Rep. 847) ; *Cowie v. Seattle,* 22 Wash. 659 (62
Pac. 121) ; *Einseidler v. Whitman County,* 22 Wash. 388
(60 Pac. 1122.)

It is next said that the court erred in refusing to instruct
the jury that, if the accident occurred because of the negli-
gence of the driver of the hose cart, the respondents could
not recover. But we fail to find any evidence in the record
upon which to predicate such an instruction.    It was not
shown that Brabon had any power or authority to direct
either the speed at which the cart should be driven or the
course to be taken by the driver, or that he had any control
over the driver whatsoever.    Nor was it shown that the
negligence of the driver was the sole or the proximate
cause of the injury.    If there were negligence on the part
of the driver at all, it consisted in his failure to discover the
root in time to avoid it, or, perhaps, his mistaken belief that
the cart would safely pass over it at the speed at which he
was going.    In either event it was the combined negligence
of both the driver and the city which caused the injury,
and neither can plead the negligence of the other to avoid
liability.    It is not a case of negligence of a fellow ser-
vant.    Brabon and the driver were not fellow servants, and
the driver's negligence cannot be imputed to Brabon.    To
entitle the city to the instruction asked, there must have
been evidence before the jury that the driver's negligence
was the sole cause of the accident; and, as we say, there
was no such evidence.    *Elyton Land Co. v. Mingea,* 89
Ala. 521 (7 South. 666); *Houston City St. Ry. Co. v.*

*Richart,* 27 S. W. 918; *Kansas City v. McDonald,* 60 Kan. 481 (57 Pac. 123, 45 L. R. A. 429); *Bennett v. New Jersey R. R. & T. Co.,* 36 N. J. Law, 225 (13 Am. Rep. 435).

The objections to the instructions are met by the cases of *Howe v. West Seattle Land & Imp. Co.,* 21 Wash. 594 (59 Pac. 495); *Bussanicz v. Myers,* 22 Wash. 369 (60 Pac. 1117); and *Abrams v. Seattle & M. Ry. Co.,* 27 Wash. 507 (68 Pac. 78).

The judgment is affirmed.

REAVIS, C. J., and HADLEY, ANDERS, DUNBAR and MOUNT, JJ., concur.