[No. 4274.    Decided September 2, 1902.]

L. H. PRATHER, *Respondent*, v. CITY OF SPOKANE, *Appellant*.

MUNICIPAL CORPORATIONS—LIABILITY FOR DEFECTIVE BICYCLE PATH.

Where a city, although not required so to do, exercises the privilege of constructing a bicycle path, the same rule in regard to the reasonable safety of such path for ordinary use applies to the method and care in the construction and maintenance as where there is a duty imposed by law.

SAME—DUTY TO MAINTAIN SAFE HIGHWAYS.

Where a city has exclusive control and management of its streets, a ministerial, rather than a governmental, duty is imposed upon it to keep the same reasonably safe for the ordinary modes of travel; hence if a bicycle path constructed by a city is unsafe for ordinary travel thereon, by reason of its being constructed with a sharp turn on the outer edge of which there was an elevated curb, the city is liable to one who, without negligence on his part, is injured while using it in the ordinary way.

SAME.

The fact that other parts of a street were safe for bicycles and other vehicles would not relieve a city from liability, where it had constructed a bicycle path and thereby constructively invited that particular kind of vehicle to go upon this particular way.

SAME—NEGLIGENCE IN MAINTENANCE OF BICYCLE PATH.

Where a city maintains a bicycle path which is unsafe by reason of a sharp turn at a point about four feet distant from

a gutter eight inches deep, bordered by a wooden sidewalk twelve inches high, without the maintenance by the city of lights or barriers at such point, and with knowledge on the city's part of the dangerous character of such turn in the path, the city is liable to a bicycle rider injured while traveling on such path and using ordinary care.

SAME—LIABILITY FOR DEFECTS OUTSIDE OF HIGHWAY.

The want of a sufficient barrier and protection to prevent travelers upon a highway from running into a dangerous construction without the limits of the road, but in the general direction of the travel thereon, may properly be alleged as a defect in the highway itself.

Appeal from Superior Court, Spokane County.—Hon. THOMAS H. BRENTS, Judge. Affirmed.

*John P. Judson* and *G. H. Kenyon,* for appellant.

*C. S. Voorhees* and *Reese H. Voorhees,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Action for personal injuries. Defendant below objected to the introduction of evidence on the part of the plaintiff upon the ground that the complaint does not state facts sufficient to constitute a cause of action. This objection was overruled, and defendant excepted. This ruling of the court is the only error assigned. The paragraphs of the complaint necessary to be considered are as follows:

"3d. That during all of said times, and for a long time prior thereto, there were within said city a certain street running north and south therethrough, called and known as Division street, and a certain avenue running east and west therethrough, called and known as Augusta avenue, both of which said street and avenue being public thoroughfares belonging to and in the charge and control of said city.

"4th. That during all of said times and for a long time prior thereto, the said city had made and constructed a

certain public thoroughfare therein called and known as a cinder path, running north and along the east side of said Division street to the north side of said Augusta avenue at their intersection, and thence east, on and along the north side of said Augusta avenue, over and upon which cinder path the said city invited and required all persons to travel who might travel on said street or avenue by means of bicycles, which cinder path was constructed by and under the direction of said city, and during all of said times, and for a long time prior thereto, was maintained by it for said purpose.

"5th. That during all of said times and for a long time prior thereto, said cinder path, at the place where the same turned from said street east onto said avenue, was carelessly, negligently and defectively constructed and maintained by said city, and dangerous to travelers thereon, in this:—That said turn was a sharp right angle turn made within about four feet of where there existed the street gutter and board sidewalk, also constructed and maintained by said city for a long time prior to all of said times mentioned herein, at the northeast corner of the crossing of said street and said avenue, which street gutter was about eight inches below said turn, from which gutter arose said board sidewalk about one foot in height, both of which said gutter and sidewalk lying immediately north of said turn and in line with said cinder path, going north and transverse to the north and south line of said cinder path; that immediately upon turning east at said place said cinder path was constructed on ground which arose to an elevation of about eighteen inches above said turn and thence proceeded east at that elevation; that said cinder path at said place was lower than the adjacent parts thereof, and dim and indistinct, and on account of said construction, and maintenance of said cinder path, curb and gutter, in the manner and under the condition hereinbefore described, the use of said cinder path was dangerous and unsafe, and a person traveling north thereon by bicycle at any time in the dark of an evening could not see, or know from its appearance, that there was a turn in said

cinder path at said place, nor see or know of said street, gutter or sidewalk beyond, and would be in danger of riding on past said turn into said gutter, and against said sidewalk.

"6th.    That, during all of said times, and for a long time prior thereto, towit, for the period of six months, the said city negligently and carelessly failed, neglected and refused to repair, remedy or in any wise to correct said defective, dangerous and unsafe conditions of said curb, gutter and cinder path, so constructed and maintained by it as aforesaid, and carelessly and negligently failed. neglected and refused to place or maintain any barrier, sign, light, or other means at said turn or elsewhere, to show or notify travelers on said cinder path where said turn was, or to protect such travelers from injury on account of said dangers and defects, by running into said street gutter and against said sidewalk, and that because thereof, prior to the injury to this plaintiff herein recited, a great number of other persons had been injured at the same place and in a similar manner, and that because of said long continuance of said defective, dangerous and unsafe conditions of said curb, gutter and cinder path, and the occurrence of said injuries to other persons, defendant had notice of said defective, dangerous and unsafe conditions and ought to have known thereof.

"7th.    That on the 3d day of November, 1899, at about six o'clock p. m., it then being dark, plaintiff was rightfully traveling on said cinder path on a bicycle, going north to his home in said city, having no knowledge or notice of any kind of any of said defects in, or negligent construction of, said cinder path, or said curb or gutter, or any danger therefrom and on account of said negligent and defective construction of said cinder path and through and because of the defective and negligent construction of said curb and gutter, and through and because of defendant's negligence in leaving said curb and gutter, constructed as hereinbefore described, close to and in the line of said cinder path as hereinbefore set forth, and through and because of defendant's neglect, failure and refusal to

repair, remedy and correct said defective, dangerous and unsafe condition of· said curb, gutter and cinder path, as hereinbefore set forth, and through and because of defendant's said negligence in failing to place or maintain proper or any such signs, barriers, lights or other means of protection at said turn in said path, plaintiff rode his said bicycle into said street gutter and against said board sidewalk, throwing him with great violence upon and against said sidewalk, striking his head violently thereon, greatly bruising and cutting his head and face, causing injury to plaintiff's brain and nervous system, paralyzing the optic nerve of his right eye so as to cause atrophy of said optic nerve and blindness of said right eye, badly wrenching and spraining his left wrist and elbow and causing him great and permanent general physical weakness. That on account of said fall plaintiff suffered great physical and mental pain and anxiety. That plaintiff's left arm has only partly recovered from said wrenching and spraining. That plaintiff's right eye has become practi· cally permanently blind."

The negligence here alleged is: 1st, in the construction and maintenance of a dangerous way; and, 2d, negligence in failure to repair, remedy, or correct the danger by constructing a barrier, sign, light, or other means, so as to notify travelers of the danger. It is first argued by the appellant that the city was not required to construct these bicycle paths; that it was optional with the city to do so or not, as it chose; and that, therefore, the liability arising from the mandatory duty is not imposed upon the appellant. Conceding this to be the rule, it does not apply in this case, because it is alleged that the path was constructed. The city having exercised its option to construct the path, the same rules must apply to the method and care in the construction and maintenance as applies where there is a duty imposed by law, viz., to so construct and maintain the path or street or walk that the same may

be reasonably safe for the ordinary use for which it was intended. *Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273, 48 Am. St. Rep. 847); *Lorence v. Ellensburg,* 13 Wash. 341 (43 Pac. 20, 52 Am. St. Rep. 42); *Taake v. Seattle,* 18 Wash. 178 (51 Pac. 362); *Rowe v. Ballard,* 19 Wash. 1 (52 Pac. 321); *White v. Ballard,* 19 Wash. 284 (53 Pac. 159).

It is next argued that the action is not based upon any defects in the construction of the path, but that the negligence consists in the location of the path at a sharp turn near the curb, the sidewalk, and gutter, and that this is a governmental duty for which no action can be maintained for damages sustained by reason of the location of the improvement upon the street. But this court said in *Sutton v. Snohomish, supra*:

"In the first place, we are of the opinion that the laying out, repairing and controlling of streets by a chartered municipal corporation does not call forth the exercise of strictly governmental functions. . . . But the duty to keep streets in repair is a municipal or ministerial duty, for a breach of which an action will lie in favor of a party injured thereby. *Denver v. Dunsmore,* 7 Colo. 328 (3 Pac. 705).

"In the second place, we think that where, as here, a city has exclusive control and management of its streets, with power to raise money for their construction and repair, a duty (when not expressly imposed by charter) arises to the public from the character of the powers granted to keep its streets in a reasonably safe condition for use in the ordinary modes of travel, and that it is liable to respond in damages to those injured by a neglect to perform such duty. There is undoubtedly a want of harmony among the decisions of the courts upon this question, but we believe the decided weight of authority, as well as sound reason, is in favor of the view above expressed."

This rule has been followed by this court in the cases cited, *supra*. It follows, therefore, that, if the path in

question was so constructed as to be unsafe for the ordinary
travel for which it was intended, the city is liable to one
who is injured using it in the ordinary way and not negli-
gent himself.

It is also argued that the complaint shows that the streets
themselves were safe and unobstructed for the use of ve-
hicles; that a bicycle is a vehicle and that the respondent
was not obliged to travel the path, but may have used the
street without injury. This may be conceded, and yet it
does not relieve the city from liability. When the city
constructed the cinder path, and "invited and required
all persons who might travel on said street or avenue by
means of bicycles" to go over and upon the path, persons
so traveling had a right to assume that the same was safe
for the use of bicycles in the ordinary way. *Taake v.
Seattle*, 16 Wash. 90 (47 Pac. 220); *Taake v. Seattle*, 18
Wash. 178 (51 Pac. 362). The fact that other parts of
the street were safe for bicycles would not relieve the city
from liability where it had invited a particular kind of
vehicle to go upon this particular way. The way must be
made reasonably safe for the vehicle for which it is de-
signed. A street may be safe for pedestrians, but where
a sidewalk is provided therefor pedestrians may go upon
the walk, and assume it to be safe. So, also, a sidewalk
may be safe for wagons and other vehicles, but where a
street is provided therefor they may assume the street
is safe, and go upon the way provided. The same is also
true of a path erected for bicycles. For an injury result-
ing in either case from a dangerous way negligently con-
structed or maintained the municipality is liable. *Rowe
v. Ballard*, 19 Wash. 1 (52 Pac. 321).

It is alleged in the complaint at paragraph five that
"said cinder path, at the place where the same turned from
said street east onto said avenue, was carelessly, negli-

gently, and defectively constructed and maintained by said city, and dangerous to travelers thereon, in this: That said turn was a sharp right angle turn made within about four feet of where there existed the street gutter, and board sidewalk, also constructed and maintained by said city, . . . which street gutter was about eight inches below said turn, from which gutter arose said board sidewalk about one foot in height, . . . and on account of said construction and maintenance of said cinder path, curb, and gutter . . . the use of said cinder path was dangerous and unsafe, and a person traveling north thereon by bicycle at any time in the dark of an evening could not see, or know from its appearance, that there was a turn in said cinder path at said place." By the 6th paragraph it is alleged, that the city had notice of the dangerous and unsafe conditions, and neglected to repair or remedy the same, or to maintain any barrier, sign, light, or other means to notify travelers of the danger. In *Rowe v. Ballard,* 19 Wash. 1 (52 Pac. 321), this court said:

"And we know of no law which will allow a city to dig an excavation or to establish or make any pitfall within its corporate limits, and maintain the same without guards or warnings of any kind to the traveling public without being held responsible in damages to the parties who, without fault, fall into the same, even though such streets may not have been formally graded."

But it is said the complaint shows that the obstructions complained of were not located upon the path, but were outside thereof, and were of themselves necessary and proper. In *Alger v. Lowell,* 3 Allen, 402, the court says:

"The true test, on the contrary, is not whether the dangerous place is outside of the way, or whether some small strip of ground not included in the way must be traversed in reaching the danger, but whether there is such a risk

of a traveler, using ordinary care, in passing along the street, being thrown or falling into the dangerous place, that a railing is requisite to make the way itself safe and convenient."

In *Davis v. Hill,* 41 N. H. 329, the court says:

"It seems entirely clear, upon the authorities, that the want of a sufficient railing, barrier, and protection, to prevent travelers passing upon a highway from running into some dangerous excavation or pond, or against a wall, stones, or other dangerous obstruction, without the limits of the road but in the general direction of the travel thereon; may properly be alleged as a defect in the highway itself."

See, also, *Palmer v. Inhabitants of Andover,* 2 Cush. 600; *Higert v. Greencastle,* 43 Ind. 574. From the foregoing rule it follows that, if the city was maintaining a dangerous and unsafe path for bicycles, which it invited to go upon the path, with knowledge and notice of the danger, and neglected to remedy the same, and to place and maintain any barrier, sign, or other means to notify travelers of the danger, that the city is liable to one who is injured, using ordinary care, while traveling thereon, and the complaint therefore states a cause of action.

The fact that the respondent was traveling thereon in the night time, or without a light, or that he was riding carelessly and negligently, or that he knew of the danger, or that he might have seen and avoided it, are all facts which do not appear in the complaint, but which were proper to be set up in defense, and which the jury, under proper instruction, were required to pass upon, and which we presume were set up and properly passed upon, because no question is raised or can be considered on this appeal except the one already considered.

For the reasons stated the judgment is affirmed.

REAVIS, C. J., and HADLEY, ANDERS, WHITE and DUNBAR, JJ., concur.