[No. 9160. Department One. March 10, 1911.]

GEORGE E. HEWITT, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—TORTS—LIABILITY—STREETS—ACTS OF OFFICERS—STREET SUPERINTENDENT. The duty of a city to keep its streets in repair not being a governmental but a ministerial duty, liability for breach is not limited to defects or obstructions, but the city is liable to a pedestrian negligently run down and injured by its superintendent of streets while driving an automobile in the performance of his duty.

APPEAL—REVIEW—HARMLESS ERROR—COMMENT ON FACTS. Error, if any, in commenting upon evidence relating to the filing of a claim is not prejudicial where there was no issue at the trial in relation thereto and the evidence was undisputed.

SAME—ADMISSION OF EVIDENCE. Error in admitting plaintiff's evidence of the declaration of defendant's agent to prove his agency is cured where the agent was called as a witness by defendant and corroborated the statement by testifying to the same thing.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 11, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian run down by an automobile. Affirmed.

*Scott Calhoun* and *James E. Bradford*, for appellant.

*Hughes, McMicken, Dovell & Ramsey* and *Otto B. Rupp*, for respondent.

DUNBAR, C. J.—In the afternoon of October 2, 1908, while the respondent was crossing Third avenue, one of the main prominent thoroughfares in the city of Seattle, near its inter-

[1]Reported in 113 Pac. 1084.

section with James street, he was run over by an automobile driven by one Maloney, who was superintendent of the street department of the city of Seattle, and received the injuries of which he complains. At the time of the accident, Maloney was in the performance of his duty as such superintendent. In his complaint, after stating the facts, respondent alleges negligence on the part of the city through its agent Maloney, and that the automobile was being driven at an unlawful rate of speed, and sues for damages. Verdict was rendered for $1,500, judgment was entered thereon, and appeal followed.

We shall not undertake to discuss *seriatim* the assignments in this case. They are numerous. The first contention is that the city is not liable in any event for the negligence of the superintendent of streets. This is a much discussed question. It has been settled by a great weight of authority that the duties imposed upon municipal corporations are dual; that one is of that kind which arises from the grant of a special power in the exercise of which a municipality is as a legal individual; the other is of that kind which arises or is implied from the use of political rights under the general law in the exercise of which it is as a sovereign. The appellant cites many cases to support its contention that the city should not respond to damages in any event, and that in the construction and keeping in order of its streets it was acting in a governmental capacity, and therefore not liable to a suit for damages. Speaking on this question, it is said on page 1280 of Dillon, Municipal Corporations (4th ed.), in discussing the liabilities of cities concerning bridges, sidewalks, and streets, repairing the same and keeping them in safe condition:

"This duty or burden must appear, upon a fair view of the charter or statutes, to be imposed or rest upon the municipal corporation, as such, and not upon it as an agency of the state, or upon its officers as independent public officers. (This, however, in general appears sufficiently where the municipality sought to be made liable exists under a special charter or general act which confers upon it peculiar powers and

privileges as respects streets, their control and improvement, not possessed throughout the state at large under its general enactments concerning ways)."

And it is said by Shearman & Redfield, Law of Negligence, § 289:

"With few exceptions, the courts of all the states agree that, as at common law, no civil liability rests upon counties and other quasi-corporations, for neglect to keep their highways in a reasonable state of repair, unless such liability is expressly imposed by statute. But in respect of cities, towns and villages, incorporated either by special charter, or under a general statute, the principle is firmly established, by the decisions of the Federal courts, and by those of all the state courts where the question has been properly open for discussion, except these mentioned below, that such corporations, where the statute grants them the control of their streets, coupled with powers to raise means to maintain them, are bound to exercise ordinary care and diligence to see that they are reasonably safe for travel; that this duty is not a public duty owing to the public alone, but a private, corporate duty, which (when not expressly imposed) is necessarily implied from such a grant of power; and, moreover, that the legislature is deemed to have intended by the grant to impose a liability, co-extensive with the duty, in favor of any person, specially injured by a wrongful omission to perform, or a negligent performance of, such duty."

Outside of the overwhelming weight of authority to this effect, this court has uniformly maintained that doctrine. In *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847, we decided that the duty of a city to keep streets in repair was not a governmental but a ministerial duty, and for a breach thereof an action will lie in favor of a person injured as a result of such negligence. In the course of the opinion it was said:

"There is undoubtedly a want of harmony among the decisions of the courts upon this question, but we believe the decided weight of authority, as well as sound reason, is in favor of the view above expressed;"

citing many leading cases to sustain the announcement.

This case was followed with approbation in *Saylor v. Montesano*, 11 Wash. 328, 39 Pac. 653; *Lorence v. Ellensburgh*, 13 Wash. 341, 43 Pac. 20, 52 Am. St. 42; *Mischke v. Seattle*, 26 Wash. 616, 67 Pac. 357; *Brabon v. Seattle*, 29 Wash. 6, 69 Pac. 365; *Prather v. Spokane*, 29 Wash. 549, 70 Pac. 55, 92 Am. St. 923, 59 L. R. A. 346; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; and the latest expression of this court on that subject announcing the same view is *Hayes v. Vancouver*, 61 Wash. 536, 112 Pac. 498. So that, in view of the uniform decisions of this court on that question, we do not feel called upon to again enter into a discussion of the principles involved.

It is, however, additionally contended by the appellant that, conceding the doctrine that cities are responsible for the safe condition of the streets, such implied liability is limited to structural defects or obstructions thereon, and does not reach to damages that flow from operations of any kind upon the street; and many cases are cited to sustain this distinction. But we have been unable from a perusal of those cases to determine that they are in point. In note to *Dudley v. Flemingsburg*, 1 Am. & Eng. Ann. Cases, 960 (115 Ky. 5, 72 S. W. 327, 60 L. R. A. 575), which is cited by the appellant, it is said:

"The improper condition of a street or highway which gives rise to municipal liability therefor must be some inert matter encumbering the highway or some structural defect therein. An improper or unlawful use of the highways by persons, animals, vehicles, engines, or objects, while movable or actually being moved by human will or direction, and neither fixed nor stationary in one position within the highway, does not render a municipality liable."

A superficial interpretation of this announcement might seem to bear out the appellant's contention. But an examination of the cases cited shows that the question presented in this case was not the question which was passed upon by the courts in the case cited in the note. In those cases the

negligence alleged was not the negligence of the city in doing the thing which was the cause of the injury, but negligence of the city in permitting some one over whom the city had no control to act negligently. The first case cited by the author under the note mentioned is *Faulkner v. Aurora*, 85 Ind. 130, 44 Am. Rep. 1. That was where an ordinance had been adopted by the city prohibiting coasting upon the streets, and a traveler was injured by coming in contact with some one who was indulging in the sport of coasting, but not any one that was in any sense or manner. an agent of the city or authorized to act for the city in any capacity whatever. The court, in passing upon the question raised, said:

"Those who injured the appellant were in no way connected with the appellee; they acted upon their own volition, and carried on their sport for their own pleasure, not for the benefit of the appellee, nor at its instance."

In this case, of course, if the contention of the respondent is correct—and in fact there seems to be no denial of that fact—the party who was driving the automobile was an agent of the city, and was driving the automobile as an agent of the city, and was driving it in the performance of his duty as an agent of the city. The next case cited is *Davis v. Bangor*, 42 Me. 522, where A. was driving his horse harnessed to a chaise, over a bridge, the horse took fright at a tree on a wagon which was standing there temporarily in charge of the driver, ran away, overturned the chaise and injured A., and it was held that the town was not liable therefor either civilly or criminally; a case which does not involve in any way the question at issue, for the party who maintained the wagon and the tree was a stranger to the city. A reading of the whole case convinces us that the decision does not in any way militate against the doctrine of liability of the city in such a case as the one under discussion. In *Hixon v. Lowell*, 13 Gray 58, the court held that a city was not liable for an injury caused to a foot passenger on a sidewalk which the city is bound to keep in repair, by the

falling of an overhanging mass of snow and ice from the roof of a building not owned by the city. *Barber v. Roxbury*, 11 Allen 318, is a case where a rope stretched across a highway above the ground and attached at each end to objects which were outside of the limits of the highway and in temporary use, was held not to be a defect or want of repair in the highway for which a city would be liable to a traveler who received an injury by coming into collision with it while it was in motion from human agency. This case is somewhat obscure, but we think it is reasonably evident from the opinion that this human agency which is spoken of by the court was an agency entirely outside of the authority of the city. *Jones v. Williamsburg*, 97 Va. 722, 34 S. E. 883, 47 L. R. A. 294, is a case where the plaintiff was struck and injured by a bicycle, which was being ridden upon the sidewalk of one of the streets of the defendant corporation, and brought his action to recover damages against the city for his injury. In this case, as in the others, the party who was the cause of the injury was not claimed to be an agent of the municipality.

There *are* cases, though, holding that there is no distinction such as is sought to be applied by the appellant. *Barney Dumping-Boat Co. v. Mayor etc. of New York*, 40 Fed. 50, was where an officer of the city had the custody of a tug, and in the negligent operation of the tug, in the performance of his duty of keeping the streets cleaned and removing refuse, injured the plaintiff. It was held that the officer was not an officer of the general public but of the city; that his duties, unlike those of the departments of health, charities, fire, and police, which are held to be governmental employments, although performed incidentally in the interest of the public health, are more immediately performed in the interest of the corporation itself, and that the city was responsible. The same doctrine was laid down in *Missano v. New York*, 160 N. Y. 123, 54 N. E. 744. This action was brought to recover damages for the death of a

child who was run over and killed by a horse attached to an ash cart of the street cleaning department of the defendant, a case which cannot be distinguished in its facts from the case at bar; and it was held that the city was liable because acting, in relation to the care of the streets, in the discharge of a special power granted to it by the legislature, in the exercise of which it is a legal individual as distinguished from its governmental functions, where its acts were the acts of a sovereign. *Shaw v. New York*, 83 App. Div. 212, 82 N. Y. Supp. 44, was another case where the act of negligence charged was that the defendant's servants and employees in a street cleaning department carelessly and negligently drove and managed a horse and wagon which was in the custody and control of defendant and in pursuance of the business of defendant; that by reason thereof, he permitted the horse to remain on the street without being guarded or tied, whereby said horse ran away, and said horse and wagon struck plaintiff's wagon, etc., and the cause of action was sustained. To the same effect are: *Winona v. Botzet*, 169 Fed. 321; *Workman v. Mayor etc. of New York*, 63 Fed. 298; *Workman v. New York City*, 179 U. S. 552.

There is an attempt upon the part of the appellant in his reply brief to distinguish these cases, but we think not a successful one. They laid down the rule contended for by the respondent, and from our investigations we are unable to ascertain that any court has sustained the distinction which is urged by the appellant. This was an act of misfeasance done in the course of the servant's ordinary employment in the service of his master, and the doctrine of *respondeat superior* obtains.

In the course of its charge to the jury, the court instructed as follows:

"(12) Then in paragraph 5 of the complaint, it is alleged that they filed a certain claim which the ordinance and charter of the city of Seattle requires to be filed before a case can be prosecuted in our courts, but without objection,

and I imagine there is no evidence to the contrary—which has been admitted in here and before you and in your presence, there has been put a copy of a claim which shows that in regular and legal form the claim was in truth and in fact presented, but it was of course in the ordinary formal pleading papers denied, but you need not waste any time upon that."

This instruction is assigned as error, the contention being that it constituted a comment upon the testimony, in contravention of § 16, art. 4, of the constitution, which is to the effect that judges shall not charge juries with respect to matter of fact, nor comment thereon, but shall declare the law. This instruction, while perhaps a little irregular, does not instruct the jury with reference to any real issue, for while the question of the filing of the claim was made an issue under the pleadings, it was not an issue on the trial of the cause, and the testimony in relation to the filing of the claim was undisputed. A copy of the claim was introduced without objection, and appears in the record here, so that no prejudice could possibly have arisen from the instruction of the court in this regard.

It is also contended that the court erred in allowing respondent, over appellant's objection, to testify that the driver of the automobile told him, shortly after the accident occurred, that he was superintendent of streets; that the automobile belonged to the city, and that he was at the time going to repair the defect in the streets, for the reason, as alleged, that the declaration of the agent is not admissible to establish his agency; and it is said that no other evidence was introduced in support of such agency. This statement may be correct so far as the plaintiff's testimony is concerned, and that is probably what learned counsel means to state; but it is not necessary to discuss the legal point involved in counsel's objection to the admission of the testimony offered by it in defense, for when appellant's witness, the driver of the automobile above referred to, was asked in chief if he had

seen the respondent at the time testified to by the respondent, he said he had, and in answer to the following question, "What, if anything, did you say there at the time relative to the matter to which he testified?" he answered as follows: "I think what he said was about right; that I said I was street superintendent, and I was sorry the accident happened." Not having rested on his motion for a nonsuit, and having supplied the legal proof of agency, the error of the court, if any, in admitting the illegal proof of agency, was cured. *Dimuria v. Seattle Transfer Co.,* 50 Wash. 633, 97 Pac. 657, 22 L. R. A. (N. S.) 471.

We are unable to find any reversible error in the admission or rejection of testimony, or in the giving or refusing to give instructions. The questions of negligence and contributory negligence were legally submitted to the jury; and no error appearing, the judgment is affirmed.

MOUNT, PARKER, GOSE, and MORRIS, JJ., concur.