Argued October 27, affirmed November 24, 1914.

## RYDER *v.* LA GRANDE.*

(144 Pac. 471.)

**Municipal Corporations—Torts—Governmental Capacity—Ministerial Duties.**

1. No liability attaches to a municipality for the acts or omissions of its officers acting in good faith while performing governmental functions, put liability does attach for negligent acts of its officers or agents in performing private ministerial duties pertaining to its private corporate purposes.

> [As to liability of a municipality for negligence or other misconduct of its officers and agents, see note in 30 Am. St. Rep. 376.]

**Municipal Corporations—Maintenance of Streets—Liability for Negligence—Governmental Functions.**

2. In the actual construction and maintenance of streets and sidewalks, the city, acting by servants employed by its officers with the authority of the city, is engaged in a purely ministerial duty, and is liable for acts or omissions of such officers or employees in improperly building a sidewalk and knowingly failing in its duty to keep the same in a reasonably safe condition for travel: Section 358, L. O. L.

---

*For the liability of a municipality for defects or obstructions in street caused by servants, see note in 20 L. R. A. (N. S.) 544.

REPORTER.

From Union: JOHN W. KNOWLES, Judge.

In Banc.   Statement by MR. JUSTICE BEAN.

This is an action by Elizabeth C. Ryder against the City of La Grande, Oregon, for damages.  A verdict was rendered and a judgment entered in favor of the plaintiff for $250.  The defendant appeals.  The action is predicated upon the negligence of the defendant in failing to perform its duty in the construction and maintenance of a plank sidewalk on Cove Avenue in the city.  The plaintiff alleges that the defendant negligently and wrongfully allowed a section of sidewalk to remain in a dangerous and unsafe condition, that the same was broken and loose at both ends and insecurely braced underneath, and that on the 6th of December, 1913, while the plaintiff was lawfully passing over said sidewalk, on account of the defective construction and want of repair, it gave way under her weight, whereby she was violently thrown down and injured, to her damage in the sum of $15,000.  Issues were raised by the answer and reply.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John S. Hodgin.*

For respondent there was a brief with oral arguments by *Mr. Eugene Ashwill* and *Mr. R. J. Green.*

MR. JUSTICE BEAN delivered the opinion of the court.

The first question raised upon this appeal is the same as that in the case of *Coleman* v. *La Grande, post,* p. 521 (144 Pac. 468), in which an opinion was this day rendered.  It is contended that under its charter the City of La Grande is not liable for a tort.

As to such question, that opinion will govern in the case now under consideration.

The defendant city by a demurrer to the complaint, a timely motion for a nonsuit, and a requested instruction to the jury raises the further question that the City of La Grande in opening and building streets, constructing sidewalks, and keeping the same in condition for travel is exercising a governmental function, and therefore is not liable in an action for negligence in such work. It was stated in *Esberg Cigar Co.* v. *Portland,* 34 Or. 287 (55 Pac. 962, 75 Am. St. Rep. 651, 43 L. R. A. 435), a case which has ever since been followed, that:

"There is a well-established distinction made by the authorities between the liability of a municipal corporation for the acts of its servants, agents, officers or employees, done in the exercise of powers and duties granted to or imposed upon it as a mere agency of the state and performed exclusively for public governmental purposes, and acts done in the exercise of powers granted to or privileges conferred for its own profit."

In 6 McQuillin, Mun. Corp., Section 2634, it is stated thus:

"It is equally well settled that a municipality acts ministerially in constructing and repairing public improvements or work, including streets, and hence is liable to persons injured by negligence in the performance of such duties."

In *Giaconi* v. *Astoria,* 60 Or. 12, 30, 34 (118 Pac. 180, 184), after a thorough discussion of the question and the collaboration of many authorities, Mr. Justice BURNETT states the rule thus:

"A municipal corporation is not liable for mere consequential injuries resulting from ordinarily careful administration of a reasonably prudent plan of

street improvement devised by the municipality in its governmental capacity; but, in the execution itself of any public works, the city acts ministerially, or, in the words of the statute, 'in its corporate character and within the scope of its authority,' and for its negligence or maladministration in that relation, resulting in an injury to the rights of another, it is liable in the same way and for the same reason as a natural person or private corporation would be under the same circumstances of executive management.''

1. In the case at bar the additional question for determination is whether the city, in the construction and maintenance of a sidewalk, is acting in a governmental capacity by virtue of certain attributes of sovereignty or is performing a purely ministerial duty pertaining to its private, corporate purposes. Under the former conditions the city's functions are political and governmental, and no liability attaches to the municipality for the acts or omissions of its officers or agents acting in good faith. In the latter character above referred to, that is, in the exercise of its purely municipal functions, a city stands upon the same plane as a private corporation, and is held to the same responsibility for injuries resulting from the negligence of its officers, agents and employees acting within the scope of their authority: 28 Cyc. 1258.

2. In the consideration and passing or rejecting of resolutions and ordinances pertaining to the opening and improving of its streets, the council of the City of La Grande acts in a legislative or governmental capacity. In the actual construction and maintenance of streets and sidewalks, the city, acting by servants employed by its officers with the authority of the municipality, is engaged in a purely ministerial duty, and is liable to respond in damages for an injury to plaintiff caused by the negligent act or omission of

such officers or employees in improperly building the sidewalk and knowingly failing in its duty to keep the same in a reasonably safe condition for travel. The case comes within the provisions of Section 358, L. O. L.; Section 37, Charter of City of La Grande. See, also, 4 Dillon on Mun. Corp., § 1665; *Wagner* v. *Portland*, 40 Or. 389, 394 (60 Pac. 985, 67 Pac. 300); *Batdorff* v. *Oregon City*, 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287); *Giaconi* v. *Astoria*, 60 Or. 12, 30, 34 (118 Pac. 180, 184); *Hewitt* v. *City of Seattle*, 62 Wash. 377 (113 Pac. 1084, 32 L. R. A. (N. S.) 632).

The evidence in the case tended to sustain the allegations of the complaint and to show negligence on the part of the city as alleged. The judgment of the trial court will therefore be affirmed. AFFIRMED.