[No. 15364. Department Two. October 28, 1919.]

O. C. OLSEN, *Appellant*, v. WILLIAM H. HAGAN *et al., as Executors etc., Respondents.*[1] ·

JUDGMENT (222, 231)—CONCLUSIVENESS—MATTERS LITIGATED—INFERENCES AS TO INTEREST. A decision on a former appeal, directing judgment upon a claim against an estate in a specified sum, followed by the denial of a petition to direct the remittitur to specify the date from which interest should run, is a direct adjudication and *res adjudicata* to the effect that interest is to run from the date of the judgment only.

Appeal from a judgment of the superior court for Spokane county, Huneké, J., entered March 11, 1919, upon remittitur from the supreme court, in an action to enforce a claim against an estate. Affirmed.

*F. E. Langford* and *Lucius G. Nash,* for appellant.
*Peacock & Ludden,* for respondents.

BRIDGES, J.—During 1916, the appellant presented a claim in excess of sixteen thousand dollars to the executors of the last will of Marion C. Wharton. This claim was rejected and appellant sued thereon; and after trial on the merits, the court dismissed the case. From that judgment, appellant appealed to this court, where the judgment of the lower court was reversed and it was directed that judgment in the sum of ten

[1] Reported in 185 Pac. 578.

thousand dollars be entered in favor of appellant. *Olsen v. Hagan,* 102 Wash. 321, 172 Pac. 1173. The concluding paragraph of that opinion was as follows: "The judgment of the trial court will be reversed, with instructions to render judgment in favor of appellant in the sum of $10,000." Before the remittitur was sent down, the appellant petitioned this court for an order directing its clerk to set out in the remittitur to be sent down the date from which interest should be calculated. This motion or petition was briefed by the counsel of the respective parties, and later this court made an order denying the motion or petition. After the remittitur had been sent down, the trial court entered judgment in favor of the appellant for ten thousand dollars, with interest from May the 9th, 1918, which was the date of the judgment of this court. The same appellant again appeals to this court, on the ground that the trial court should have entered judgment allowing interest on the ten thousand dollars from the date of the original presentation of the claim to the executors.      ◦

The briefs undertake to argue quite extensively the merits of the question as to whether interest should be allowed, and, if so, from what date; but we do not find it necessary to discuss this question. It is perfectly plain to us that the question which the appellant now raises was decided by this court in the previous appeal. If the appellant had not in that case, by motion or petition, sought to have the court pass expressly on the question of interest, the original opinion of the court directing judgment in the sum of ten thousand dollars would have been *res judicata* of the question of interest. *German-American State Bank v. Sullivan,* 50 Wash. 42, 96 Pac. 522.

If such would have been the effect of the original judgment, certainly the denying of the appellant's mo-

tion to fix the time from which interest should run must be considered as a direct adjudication upon this point. *Taake v. Seattle,* 18 Wash. 178, 51 Pac. 362; *Marble Savings Bank v. Williams,* 23 Wash. 766, 63 Pac. 511; *State v. Boyce,* 25 Wash. 422, 65 Pac. 763.

We hold that this court, in the other appeal, expressly decided the question involved here, and that the judgment must be affirmed.

HOLCOMB, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.