[No. 1488.   Decided December 18, 1894.]

M. M. TEATER, *Appellant, v.* THE CITY OF SEATTLE, *Respondent.*

| 10 | 327 |
| d24 | 198 |
| 10 | 327 |
| d27 | 717 |
| 10 | 327 |
| 42 | 539 |

MUNICIPAL CORPORATIONS—LIABILITY FOR DEFECT IN BRIDGE—
PROXIMATE CAUSE.

The fact that a runaway team of horses while under full headway, dashes over the side of a bridge at a point where the city has provided no guard rail, does not render the city liable for the injury, if the bridge was in a reasonably safe condition, and the fright of the horses had not been caused by any negligence chargeable to the city.

A city is not the insurer of the safety of its streets, but is only required to keep them in a safe condition for ordinary travel.

*Appeal from Superior Court, King County.*

*Thomas A. Garrett,* for appellant.

When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate—the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible—the municipality is liable, provided the injury would not have been sustained but for such defect. *Ring v. Cohoes,* 77 N. Y. 83; 2 Shear. & Redf. Neg., § 346. In such case, the mere fact of the runaway is not a defense. Beach, Cont. Neg. (2d ed.), § 245; Elliott, Roads and Streets, p. 448; *Wagner v. Jackson Tp.,* 133 Pa. St. 61; *Ward v. North Haven,* 43 Conn. 148; *Hodge v. Bennington,* 43 Vt. 450; *Winship v. Enfield,* 42 N. H. 197; *Campbell v. Stillwater,* 32 Minn. 308; *Crawfordsville v. Smith,* 79 Ind. 308; *Rockford v. Russell,* 9 Ill. App. 229; *Baltimore, etc., Co. v. Bateman,* 68 Md. 389; *Kennedy v. County Commissioners,* 69 Md. 65; *Hull v. Kansas City,* 54 Mo. 601; *Jackson v. Buena Vista,* 14 S. E. 867; *Atlanta v. Wilson,* 59 Ga. 544; *Bridge Co. v. Cartrett,* 75 Tex. 628; *Button v. Frink,* 51 Conn. 342; *Ivory v. Deer Park,* 116 N. Y. 476; *Hey v. Philadelphia,* 81 Pa. St. 44; *Plymouth v. Graver,* 125 Pa. St. 24; *Baldwin v. Turnpike Co.,* 40 Conn. 238; *Hunt v. Pownal,* 9 Vt. 411.

Whether a fence, railing or other barrier is necessary to render a highway reasonably safe for travelers, and whether it is negligence in the municipality not to provide it, are questions for the jury. *Hyatt v. Rondout,* 44 Barb. 385; *Leicester v. Pittsford,* 6 Vt. 245;

*Lyman v. Amherst*, 107 Mass. 339 ; *Pittson v. Hart*, 89 Pa. St. 389 ; *Burrell Tp. v. Uncapher*, 117 Pa. St. 353 ; *Norris v. Litchfield*, 35 N. H. 271; Elliott, Roads and Streets, p. 453.

*W. T. Scott* and *Frank A. Steele*, for respondent.

The city is not an insurer of the safety of its streets, but is simply required to keep them in a reasonably safe condition for persons traveling in the usual mode and exercising ordinary care. *Titus v. Inhabitants*, 97 Mass. 258 (93 Am. Dec. 91); *Moulton v. Sanford*, 51 Me. 127; Elliott, Roads and Streets, pp. 448, 449, and authorities there cited.

The opinion of the court was delivered by

SCOTT, J.—This was an action for damages for the loss of two horses and injury to a harness and buggy. The plaintiff was the owner of the property, and let the same to one Lewis. While Lewis was driving the horses took fright, became unmanageable and ran away. They ran upon a certain bridge, known as the Grant street bridge, which is constructed as a public driveway within the city limits, over the tide flats, about sixteen feet above the ground, and is a continuation or extension of Eighth street on the north. The horses, undertaking to make a turn on said bridge, ran off the outer side. One of them was killed by the fall and the other so severely injured that it had to be shot. The buggy and harness were damaged. At the point where the injury occurred there was no railing upon the bridge, and the want of a railing is substantially the basis for the plaintiff's action, it being claimed that the city was negligent in so constructing the bridge. After the testimony upon the part of plaintiff had been concluded, the court granted a motion for a non-suit, from which this appeal was taken.

It appears by the testimony that the team became unmanageable and ran a mile before the accident occurred, and were on a full run when they went over, and that they were under such headway that they could not make the turn. It further fairly appears by the plaintiff's case, that the bridge, at the point in question, was in a reasonably safe condition, and that the accident was due to the fact that the horses

were unmanageable and were under a full run at the time of
the accident.    The absence of a guard rail does not neces-
sarily infer negligence in all cases, and there is scarcely a
possibility that a guard rail would have prevented the in-
jury in this instance.    Under these facts, we think the non-
suit was properly granted.    The city is not an insurer of
the safety of its streets, but is only required to keep them
in a safe condition for ordinary travel.    The cause of the
horses running away was not chargeable to the city in
this case, and although Lewis was exercising due care and
could not have prevented the runaway, the city should not
be called upon to make good the consequent loss.

Affirmed.

DUNBAR, C. J., and HOYT, and STILES, JJ., concur.