[No. 2666. Decided May 2, 1898.]

EDWARD F. WHITE *et ux.*, *Respondents*, v. CITY OF BALLARD, *Appellant*.

MUNICIPAL CORPORATIONS — NEGLIGENT CONSTRUCTION OF STREETS — CONTRIBUTORY NEGLIGENCE.

Whether a city was negligent in the construction of a street is a question for the jury and their verdict will not be disturbed, when the evidence shows that the planking on the driveway of the street narrowed at a certain point from sixteen to eight feet in width, that the street at that place was elevated more than four feet, without a guard rail along the side, and that an

ordinarily safe horse, accustomed to bicycles, became frightened at a bicycle while upon such portion of the street and backed over the side of the highway into the depression below, injuring one of the occupants of the buggy to which it was attached.

Where a horse is accustomed to bicycles and ordinarily under the control of the driver, it is not contributory negligence on his part to neglect to alight from his buggy and hold the horse's head upon meeting passing bicycles.

Appeal from Superior Court, King County.—Hon. Orange Jacobs, Judge. Affirmed.

P. V. Davis, for appellant.

Brinker, Jones & Richards, for respondents.

The opinion of the court was delivered by

Reavis, J.—Plaintiffs (respondents) on the 29th of March, 1896, were driving along A street, in the city of Ballard, on their way from Fremont. Shilshole avenue intersects this street at an angle, and is a continuation of A street. Where A street enters Shilshole avenue at the turn on the right is a building which obstructs the view down the avenue, so that the driver of a vehicle cannot see before entering the avenue who may be traveling or what vehicles may be on the avenue. From the point of intersection of A street with the avenue there is a distance of fifty-six feet of street, planked sixteen feet wide, and this street sixteen feet wide then terminates at a point where the planking narrows to eight feet in width. On the eight-foot planking teams cannot pass each other. On the left the ground drops off a distance of four feet and four inches, and on the right it drops off a distance of two feet. One must pass a team on this sixteen-foot roadway elevated above the ground within a distance of fifty-six feet. Plaintiffs were driving in a one-horse top buggy. After driving onto the planking sixteen feet wide, the driver observed several bicycles on the eight-foot planking, and stopped his horse for them to pass.

As the last bicycle approached the horse's head the horse became frightened. The driver called to him, and touched him with his whip, but the horse continued backing about thirty-five feet diagonally across the road, getting off the planking to the depression below, and the accident ensued by which the plaintiff Retta White was injured. There was no guardrail where the accident occurred. The position of plaintiffs is that the construction of the street was negligent; that plaintiff could not see what was on the avenue before entering it; that there was not sufficient space to turn when the horse became frightened; that the bicycles could not be passed on the eight-foot planking; that it could be reasonably foreseen that an ordinary horse might back if frightened; and that there was not sufficient guard or space to allow the driver to regain control of his horse. The evidence shows that the horse was accustomed to bicycles on the streets of Seattle, and was an ordinarily safe horse. The question of negligent construction and condition of the street, upon these facts, was certainly one for the jury, and there is substantial evidence to sustain their deduction of such negligence. The bicyclists who occasioned the fright of the horse were not guilty of any negligence or wrong. It was, then, a question for the jury to determine whether the negligent condition of the street was the proximate cause of the injury. We are satisfied with the instructions of the superior court given to the jury upon the question of negligence. It would be of but little value to review the almost infinite number of cases upon this question. Streets must be so constructed that the ordinary horse, with the ordinary disposition, allowing for the ordinary incidents of caprice or fright, can be driven with reasonable safety on them.

Appellant complains that certain instructions were not given upon the question of contributory negligence on the

part of the plaintiffs. There is no tangible evidence of such negligence on the part of the driver of the horse. There were several elements that entered into the causation of the accident. If the driver of the horse had seen the bicycles before entering the avenue, he might have stopped, but the obstruction prevented this. If the driver had alighted from the buggy, and taken the horse by the head, the accident would probably not have occurred; but with a horse accustomed to passing bicycles, and ordinarily under the control of the driver, he would not be required to alight from his buggy under the penalty of contributing to the accident unless he did so. We do not think it can be said that the damages ($2,250) awarded by the jury were excessive. There being no error in the instructions of the court, and substantial evidence to support the verdict of the jury, we can see no error in the judgment, and it is affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.