[No. 4156. Decided March 19, 1902.]

JOHN R. GRAY et ux., *Appellants*, v. WASHINGTON WATER POWER COMPANY, *Respondent*.

NEGLIGENCE — PROXIMATE CAUSE — RUNAWAY HORSE — COLLISION WITH PROJECTING CAR TRACKS.

Where plaintiff was injured as a result of her horse running away and dashing the wheels of her buggy against the projecting rails of a street railway, the action of the court in setting aside a verdict in her favor and granting a new trial, on the ground that the running away of the horse and the loss of its control was the proximate cause of the accident, was erroneous.

NEW TRIAL — GROUNDS — REVIEW ON APPEAL.

Although a motion for a new trial may have presented several grounds therefor, yet where the court distinctly confines its ruling to but one of the grounds named, and that a question of law, the supreme court will not on appeal, on overruling the motion upon the ground sustained by the lower court, look into other grounds assigned to ascertain whether the motion should have been sustained upon any of them.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*W. H. Plummer* and *W. J. Thayer,* for appellants.

*Stephens & Bunn,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Upon the trial of this cause below, the jury returned a verdict in favor of the plaintiffs. A motion for a new trial was subsequently filed by defendant. Upon the hearing of this motion an order was entered granting defendant a new trial. From this order plaintiffs appeal.

The facts which must have been found by the jury are briefly these: On May 2, 1901, appellant, Mrs. Gray, in company with a Mrs. Raub, was driving in a one-horse buggy along the streets of Spokane. Her horse became frightened at other horses, got beyond her control and ran away. As the horse ran, he turned a corner on to Broadway avenue,—a public street upon which defendant maintained two parallel lines of street railway. The rails, at the point where the horse turned to follow this street, projected above the surface of the street from one to three inches, so that a vehicle could not be driven over them with safety except at right angles. This condition had existed for considerable time, some of the witnesses placing the time at three years. Vehicles were constantly passing over this street,—one witness said, "Any minute in the day, al-

most." When the wheels of the buggy struck these rails at an angle, Mrs. Gray and her companion were thrown upon the ground and Mrs. Gray severely injured. The grant of the use of the streets by the city to the defendant required the rails to be kept flush with the surface of the street. The motion for a new trial contained a number of grounds, but the one upon which it was sustained is contained in the order appealed from, which is as follows, omitting formal parts:

"Ordered, that said motion be, and the same is hereby, sustained and the verdict heretofore rendered and entered herein be, and the same is hereby, set aside and a new trial granted herein, upon the ground that the running away of the horse and the loss of control of the horse by the plaintiff was the proximate cause of the accident and injuries complained of."

The question for our consideration is whether or not the loss of control of a runaway horse prevents a recovery in this case, notwithstanding the defective condition of the street. In other words, can the court say, as a matter of law, in this case, where two causes unite to produce an injury, which one of the causes is the proximate cause of the injury? A large number of authorities are cited by both appellants and respondent bearing directly and indirectly upon this question. A review of them would be of little avail, because many of them are in irreconcilable conflict. Shearman & Redfield, in their work on the Law of Negligence, lay down the general rule at § 346 (5th ed.), as follows:

"The general rule in all states is, that where two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate— the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible—the municipality is liable, provided the injury would

not have been sustained but for such defect; otherwise is it exempt. Municipalities are not bound to furnish roads upon which it will be safe for horses to run away, but they are bound to furnish reasonably safe roads; and if they do not, and a traveler is injured by culpable defects in the road, it is no defense that his horse at the time was running away, or was beyond his control."

To the same effect, see Elliott, Roads & Streets (2d ed.), §§ 615, 617; Bishop, Non-Contract Laws, §§ 39, 450, 452; 2 Dillon, Municipal Corporations (4th ed.), § 1007; 2 Thompson, Negligence, 1085, § 3; 16 Am. & Eng. Enc. Law, p. 440, and authorities cited.

Mrs. Gray's horse was running away. She had lost control of him without any fault on her part, and without fault of the defendant. The loss of control of the horse was, no doubt, one cause of the injury. Broadway avenue, at a point where the runaway horse came along that street, was defective. This was the other cause. This defect in the street, traveled "any minute in the day, almost," was certainly a culpable defect, if it rendered the street unsafe for ordinary travel. Whether it was unsafe for ordinary travel was a question for the jury. There was evidence to the effect that the buggy had turned a sharp corner without accident, and the instant the wheels came in contact with the projecting rails the accident occurred. The jury found, by a special verdict, that Mrs. Gray was not thrown from the buggy before it reached the street car tracks. The court, in substance, instructed the jury upon this question that, before the plaintiffs were entitled to recover, they must prove that the defendant was guilty of negligence in the maintenance of its car track at the point of the injury; that the rails were exposed in such condition as to be dangerous to the traveling public, by the ordinary and usual method in the ordinary and usual way; and

that it was necessary for the jury to find that the accident and injury would not have occurred without the existence of the negligent acts complained of. This instruction stated the correct rule of law, and properly submitted the question to the jury.

The appellants rely upon the case of *White v. Ballard,* 19 Wash. 284 (53 Pac. 159), and insist that that case is in point here and requires a reversal of this cause. The feature of *White v. Ballard* distinguishing it from this case is that the negligent construction of the street there contributed both to the fright of the horse by permitting bicycles to come near him, and also to the injury. In the case at bar the defect in the street had nothing to do with the fright of the horse. Respondent relies for affirmance upon the case of *Teater v. Seattle,* 10 Wash. 327 (38 Pac. 1006). In that case the condition of the street had nothing to do with the fright of the horses, and in this respect it is similar to the case at bar. The negligence claimed consisted in maintaining a bridge without a guard rail. It appears that the bridge was in a reasonably safe condition, and that the accident was due to the fact that the horses were unmanageable, were under a full run, could not make the turn in the bridge, and therefore went over the side of the bridge. Both horses were lost and the buggy and harness damaged. The court says: "There is scarcely a possibility that a guard rail would have prevented the injury in this instance." Two features distinguish the case of *Teater v. Seattle* from the case at bar, viz: It fairly appeared from the plaintiff's case in *Teater v. Seattle* (1) that the bridge was in a reasonably safe condition for ordinary travel; (2) there was scarcely a possibility that the guard rail would have prevented the injury. While in this case it appears, and the jury must have

found, (1) that the defect rendered the street unsafe for ordinary travel; and (2) but for the defect the accident would not have occurred. Neither of the cases above cited is directly in point as to the facts, but the correct rule is applied in both.

The questions whether the defendant was negligent, and whether the defect in the street was the proximate cause of the injury, were questions for the jury in this case, and were properly submitted to them, and it was therefore error to grant a motion for a new trial upon the ground stated. It is argued by respondent that, since there were several grounds of the motion, part of which involved questions of law and part questions of fact, upon which the court has a discretion, this court should affirm the judgment if the court below should have sustained the motion upon any of the grounds named in it. The record here discloses the fact that the court granted the motion upon one ground, and that a question of law, viz., that the running away and loss of control of the horse was the proximate cause of the injury. That there might be no mistake as to his position, the court, when passing upon the motion, distinctly stated to counsel that the motion was sustained "simply on that one point," and counsel for respondent thereupon excepted to the failure and refusal of the court to sustain the motion upon the other grounds. The motion must therefore be held to be sustained upon this one ground, and denied upon all the other grounds named. In the case of *Gardner v. Lovegren,* 27 Wash. 356 (67 Pac. 615), it was said:

"It is true that the granting of a motion for a new trial is, in a certain sense, discretionary with the trial court; and if it were upon matters of fact, the appellate court would hesitate to set aside an order made by the trial court, unless it plainly appeared that the discretion was

abused. But in the case at bar it is a pure question of law, and this court will act upon it independently and uncontrolled by the judgment of the lower court, as it would upon any other question of law which was brought to it upon appeal."

This is decisive upon this point. The cause will therefore be reversed, with instructions to the lower court to deny the motion for a new trial.

REAVIS, C. J., and FULLERTON, HADLEY, DUNBAR, WHITE and ANDERS, JJ., concur.