[No. 6706.   Decided October 19, 1907.]

MILLIE PAYNE *et al.*, *Respondents*, v. WHATCOM COUNTY RAILWAY & LIGHT COMPANY *et al.*, *Appellants.*[1]

TRIAL—INSTRUCTIONS—FORM—NEGLIGENCE—DAMAGES.  The court cannot be compelled to give requested instructions in any set form of words, if their substance is given in the general charge; and requested instructions as to damages from negligence and the duty of the jury toward corporations, examined and held covered in the general charge.

DAMAGES—EVIDENCE—EXPERT TESTIMONY—WEIGHT.  The question of permanent injuries may be submitted to the jury upon the evidence of the plaintiff and nonexperts, although the physicians called as experts did not sustain plaintiff's contention, the weight of all the evidence being for the jury.

DAMAGES—EXCESSIVE VERDICT—APPEAL—REVIEW.  A verdict for $5,000 for personal injuries, reduced by the trial court to $3,000 will not be disturbed on appeal, when sustained by the plaintiff's evidence.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered December 10, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger on a street car.  Affirmed.

*Newman & Howard*, for appellants.

*Jay C. Allen*, for respondents.

DUNBAR, J.—This is an action for damages for personal injuries alleged to have been sustained by Millie Payne, one of the respondents, while a passenger on a street car in Whatcom county, on the night of July 4, 1905.  The injuries were sustained at a switch, on the main line connecting the former cities of Fairhaven and Whatcom.  The respondent Millie Payne was a passenger on a south-bound open car, with a step

[1]Reported in 91 Pac. 1084.

or running board extending the length of the car on each side of the seats extending crosswise. All of the seats were occupied and the respondent Millie Payne, with many other passengers, was standing on the running board, holding on to vertical bars or handholds constructed for that purpose. The north-bound car was an open car of the same character and dimensions. When the south-bound car attempted to pass the north-bound car, which had stopped too close to the switch, the running boards overlapped and Millie Payne was caught between them and sustained the injuries complained of. The exact relative positions of the cars is not material, for it is admitted that the motormen in control of the two cars were negligent, and that the company was liable for injuries actually sustained by the respondent Millie Payne; but it is denied that she was injured in the sum of $10,000, the amount sued for, or any other or greater sum than $100, which amount, together with accrued costs, it tendered into court. The cause was tried by a jury on the 14th of May, 1906, and a judgment rendered in favor of the plaintiffs, in the amount of $5,000. Thereafter defendants moved the court for a new trial, which motion was sustained, providing, however, that if the plaintiffs filed their written consent to a reduction of the amount of the verdict to $3,000, the motion for a new trial would be denied. The plaintiffs thereafter filed their written consent to such reduction. Judgment was entered in their favor for the amount of $3,000, and from such judgment this appeal is prosecuted.

It will be seen from the statement that the only questions involved are those which affect the amount of the judgment. The errors alleged are the giving and refusing to give certain instructions and the rejection of testimony. It is urged that the court erred in refusing to give the following instruction proffered by the appellants:

"You are instructed that it is your duty to try this case as fairly and impartially as though it were an action between two private persons, and it is your duty to disregard all ap-

peals made by counsel to you solely with a view to exciting your prejudice against one of the defendants because it is a street railway corporation, if any such have been made, and that while counsel have a right to criticise the testimony of the witnesses, they have no right to denounce the testimony of any witness as unworthy of credit, simply for the reason that such witness may have been in the employ of the defendant corporation, and such appeals and denunciations, if any such have been made, should be entirely disregarded by you in arriving at a verdict."

And the further instruction:

"In estimating the amount of the damages which the plaintiffs have sustained, you will not be permitted to award any greater or less sum by reason of the fact that the injuries were inflicted by the plaintiff Millie Payne having been caught between the cars of the defendant company. In other words, in estimating the damages, you should be guided by the extent of the injuries and not by the cause which inflicted them. The plaintiffs are entitled to recover no more and no less than they would be had the same injuries been inflicted in an accident in a shingle mill, saw mill, logging camp, or by an individual."

It is so well established that it is scarcely worth repeating that a court cannot be compelled to give instructions in any set form of words or language, but that when the substance of the instructions asked for, if they are proper instructions, is given, the duty of the court is ended. A recurrence to the instructions actually given by the court shows that the substance of the instructions asked for was given by the court in this case. The court among other things said:

"You are further instructed that in your deliberations upon this case it is your duty to try this case as fairly and impartially as though it were a suit between two private persons, and it is your duty to disregard all statements of counsel, made to the court in the presence and hearing of the jury upon any objections which may have been made to the introduction of testimony, or upon any argument which may have been made to the court upon any proposition of law; any-

thing the court may have said in passing upon such a proposition as was then presented, and determine this solely upon the testimony that has been offered and admitted before the court, in pursuance of the instructions which the court gives you upon the law."

In answer to objections of counsel for the appellants in relation to statements that were made by. counsel for the respondents, the court said:

"The court will again instruct the jury not to be moved in their conclusion in this case by what counsel may say on either side where it is not supported by the testimony; and determine this case solely upon the testimony that was offered, and which the court admitted, and upon the instructions of the court. The jury is not to consider anything that counsel may say or the court may say in passing upon a question of law, but must decide this case solely upon the evidence that is presented to you and admitted by the court."

It would seem that the instructions of the court in this respect ought to have been satisfactory.

The third instruction complained of was given, in effect, by the court, that the damages should be compensatory and could only be based upon the actual damages shown and suffering proved. The objection is also made that the court refused the following instruction:

"The court instructs you that these actions for personal injuries are necessarily painful to the feelings, and there is often an inclination where the feelings are excited by the addresses of eloquent counsel to give more, perhaps, than in your calmer moments you would undertake to give. You are to bear in mind that your oath calls for your decision according to the evidence and that extravagant verdicts have to be set aside and the case tried over again."

Even if it should be conceded that this was a proper instruction to give, the spirit of the instruction asked was given by the court, as shown by the excerpts which we have produced.

The fifth complaint is that the court erred in refusing to give the following instruction:

"You are instructed that it will be the duty of the jury, in arriving at a verdict in this case, to be governed by the evidence in the case and the law as herein given to you, regardless of the condition of the parties hereto financially, or of the effect of your verdict upon the parties or either of them."

What we have said in reference to the instruction of the court as actually given applies also to this instruction offered. Upon all these questions an examination of the instructions impresses us with the fact that the instructions as a whole were particularly clear and fair, guarding the rights of the appellants with as much zeal as the court could be expected to exercise under any circumstances.

It is also contended that the court erred in instructing the jury that it should take into consideration aggravation of a preexisting disease, or preexisting injury to the womb. This objection is based upon the idea that there was no testimony tending to show any preexisting disease; but from the record we are satisfied there was sufficient testimony to go to the jury on this subject. It is also claimed that the court erred in submitting to the jury the question of permanent injuries and in giving instructions in regard thereto, for the reason that there was no testimony tending to show permanent injuries. The weakness of this contention lies in the fact that there was some testimony tending to prove permanent injury. It is true that the testimony of the physicians called as expert witnesses probably did not sustain this contention, but the testimony of the plaintiff Millie Payne and her co-respondent, her husband, Thomas Payne, and the testimony of other of the plaintiffs' witnesses does sustain it. The testimony of expert witnesses is not exclusive, and does not necessarily destroy the force or credibility of other testimony. The jury has a right to weigh the testimony of all the witnesses, experts and otherwise, and the same rule applies as to the weight and credibility of such testimony.

So far as the amount of the verdict is concerned, we are not convinced from all the testimony that the injury inflicted was so trifling as contended for by the learned counsel for the appellants, and perhaps not so serious as counsel for respondents paints it.   But if the testimony of the respondents' witnesses, who were certainly in a position by reason of their relations with respondent Millie Payne to judge intelligently of her condition, is to be believed, the judgment awarded of $3,000 is not excessive; and considered in relation with the fact that this question was passed upon by the trial judge, who saw the witnesses and heard their testimony, we do not feel justified in disturbing the judgment.

There being no error committed in the giving or refusal of instructions, or in the admission or rejection of testimony, the judgment is affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, ROOT, MOUNT, and CROW, JJ., concur.