[No. 8120½.   Department One.   November 12, 1909.]

IDA KEANE, *Respondent*, v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—NEGLIGENCE — DEFECTIVE SIDEWALKS — PROXIMATE CAUSE. Where plaintiff's companion was struck by a bicyclist, causing plaintiff to fall and step into a hole in the sidewalk due to a missing plank, breaking her ankle, the missing plank is the efficient cause of the injury.

DAMAGES—PERSONAL INJURY—EXCESSIVE VERDICT. A verdict for $3,000 for a broken ankle is not excessive, where it appears that the plaintiff was thirty-five years old, engaged in domestic service, that she lost several months' time, spent $320 for doctor's bills, part of the ankle bone was removed, and there was some evidence that the injury was permanent.

TRIAL—SPECIAL INTERROGATORIES—DISCRETION. The refusal to submit special interrogatories to a jury is discretionary, and error cannot be predicated thereon.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 7, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained upon a defective sidewalk. Affirmed.

*Scott Calhoun* and *James E. Bradford,* for appellant.

*Million & Houser* and *George Friend,* for respondent.

[1]Reported in 104 Pac. 819.

CHADWICK, J.—There is no dispute as to the facts in this case. Plaintiff and her father were walking upon the sidewalk in the city of Seattle, when she heard the ringing of a bicycle bell. She took her father, who was quite old, by the arm, to draw him to one side to allow the bicycle to pass. At that moment the bicycle struck plaintiff's father, throwing him to the ground. He fell against plaintiff, who in turn fell, but as she did so stepped in a hole occasioned by a missing board in the sidewalk, and broke her ankle. From a judgment in favor of plaintiff in the sum of $3,000, the city has appealed, raising the following questions of law: The legal sufficiency of the evidence; the refusal of the court to give certain instructions; excessive damages; and the refusal of the court to submit some special interrogatories to the jury.

Under the first assignment, appellant seeks to throw the case within the rule that, if an injury may have resulted from one of two causes, for one of which the party charged would be liable but not for the other, then no recovery can be had. That this is a fixed principle of law, there can be no doubt, but in our opinion it can have no application to the case at bar. As we understand that rule, it cannot be invoked unless there is uncertainty and doubt between two distinct causes separately initiated. But where one suffers an injury and it appears that the acts of negligence are concurring, but one is remote and the other immediate—or in other words the actual injury complained of would not have occurred but for the cause initiated by the defendant, that is held to be the proximate cause, and recovery is allowed. The missing board was clearly the efficient cause without which plaintiff would not have broken her ankle. *Eskildsen v. Seattle,* 29 Wash. 583, 70 Pac. 64. The court very carefully instructed the jury that they must find that respondent was injured in consequence of the missing plank, or she could not recover. The finding of the jury is, therefore, determinative of the question of proximate cause, and can-

not be disturbed. *Hoveland v. Hall Bros. Marine R. etc. Co.*, 41 Wash. 164, 82 Pac. 1090; *Gray v. Washington Water Power Co.*, 27 Wash. 713, 68 Pac. 360.

It is further contended that the damages awarded are excessive. The evidence shows, that the respondent was thirty-five years old at the time the accident occurred; that she was put to an expense of $320 for doctor's bills and hospital fees; that she lost several months' time; that she was engaged in domestic service, and capable of earning $25 per month; that she was compelled to undergo an operation wherein some part of the ankle bone was removed, and there is some evidence to show that the injury is permanent. Under the facts disclosed, while the verdict is substantial, we cannot say as a matter of law that it is not sustained by the evidence, and we therefore decline to reduce it.

The court refused to submit certain interrogatories to the jury. Error cannot be predicated upon this assignment. This court has so frequently held that the submission of special interrogatories to the jury is wholly within the discretion of the trial judge that no citation of authority is necessary.

Judgment affirmed.

Rudkin, C. J., Fullerton, Gose, and Morris, JJ., concur.