[No. 11112.  Department Two.  December 27, 1913.]

JOHN W. ALTIER, *Respondent*, v. J. WALTER HAINSWORTH, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for $5,000 for personal injuries, reduced by the trial court to $3,000 is not excessive, where it appears that the plaintiff, 30 years of age, earning $125 per month as a switchman, sustained a fracture of his leg, and a dislocation of his ankle, lost $600 or $700 in wages, and had not fully recovered seven months after the accident.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 25, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries.  Affirmed.

*Hughes, McMicken, Dovell & Ramsey* and *Otto B. Rupp*, for appellant.

*George L. Palmer* and *Chas. D. Fullen*, for respondent.

PARKER, J.—The plaintiff seeks recovery of damages for personal injuries which he claims resulted to him from the negligence of the defendant in the driving of an automobile. A trial before the court and a jury resulted in a verdict in favor of the plaintiff for $5,000.  After hearing argument upon the defendant's motion for a new trial, rested upon the ground of excessive verdict, among others, the court was of the opinion that the defendant would be entitled to a new trial upon that ground unless the plaintiff would remit from the verdict the sum of $2,000 and permit judgment to be entered in his favor for $3,000 only.  This the plaintiff did, and judgment was accordingly rendered in his favor against the defendant for $3,000, from which the defendant has appealed

[1] Reported in 137 Pac. 345.

to this court. No question is here presented other than that of the alleged excessiveness of the verdict.

There was ample evidence tending to show, and which would warrant the jury in believing, the following: The plaintiff, at the time of the injury, was 30 years old, was then in good health and was earning $125 per month as a switchman for the Northern Pacific Railway Company, with which company he had permanent employment as such. The injuries for which he here seeks recovery consisted of the breaking of the fibula bone of his right leg and the dislocation of his right ankle. As a result of these injuries, his ankle and leg were required to be kept in a cast for eight weeks, he walked on crutches for four months, and was required to refrain from his usual vocation for five months, causing him a loss in wages of some $600 to $700. He has also been required to refrain from work to some extent since then. At the time of the trial in the superior court, which occurred approximately seven months after he was injured, he had not recovered. His ankle at times becomes swollen and painful, and he is not able to perform his work with the ease and efficiency he had been able to do prior to receiving the injuries. To what extent he will be so afflicted in the future, is problematical.

The decisions of the courts do not furnish any rule for the measurement of damages which can be applied with any degree of exactness. This is necessarily so by reason of the varying conditions and circumstances attending different injuries. In view of the facts disclosed by the evidence in this case, which we have summarized in so far as the nature and extent of respondent's injuries are concerned, we are quite clear that we cannot say that the awarding him of $3,000 by the judgment of the trial court was excessive. Our views, expressed in *Payne v. Whatcom County R. & Light Co.*, 47 Wash. 342, 91 Pac. 1084, and *Keane v. Seattle*, 55 Wash. 622, 104 Pac. 819, are in harmony with the conclusion here reached, though those decisions, like all others upon such

questions, are only of aid here by way of analogy which seldom, if ever, is capable of exact application.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.