[No. 20928.  Department Two.  May 10, 1928.]

P. RINGAARD, *Appellant*, v. ALLEN LUBRICATING COMPANY, INCORPORATED, *Respondent*.[1]

[1] NEGLIGENCE (1)—JOINT AND SEVERAL LIABILITY. Where the negligence of two persons combined results in injury to a third person, recovery may be had from both or either as joint tort feasors.

[2] NEGLIGENCE (4) — DANGEROUS INSTRUMENTALITIES — GASOLINE TRUCKS—LIABILITY FOR RESULTING INJURIES. The evidence sustains findings that it was not negligent to park a gasoline truck on the margin of the highway, without closing the cut-off valve or protecting the faucets on the rear of the truck, in anticipation of the escape of the gasoline in case of a severe rear end collision knocking off the faucets, where the truck was equipped in a customary way.

Appeal from a judgment of the superior court for King county, Stern, J., entered April 12, 1927, dismissing an action in tort, after a trial to the court. Affirmed.

*A. A. Lafromboise* and *Knickerbocker & Hunt*, for appellant.

*Roberts & Skeel* and *Wm. Truscott*, for respondent.

FULLERTON, C. J.—In this action the appellant, Ringaard, sought to recover from the respondent, Allen Lubricating Company, Inc., the value of an automobile which was destroyed by fire. The action was tried by the court sitting without a jury, resulting in a dismissal of the action.

The facts involved are not complicated. The respondent, at the time the accident occurred, as a part of its business, dealt in gasoline. It had a number of customers in and surrounding the city of Auburn, in King county, and these it supplied with gasoline

[1] Reported in 267 Pac. 43.

by hauling it to them in a Garford Tank Truck. The truck was of the ordinary construction, and consisted of a large tank built upon an automobile truck. The tank was divided into three compartments, from each of which a pipe led from its bottom to the rear of the truck. Faucets of the spring-shut type were placed on the end of each pipe, through which gasoline was drawn from the tank. The pipes also had on them a valve near the place where the pipes led into the tank, which could be opened or closed at the will of the operator of the truck, and which, when closed, cut off the flow of the gasoline in the pipes at that point. The faucets protruded slightly beyond the end of the truck, and were not protected by guards of any kind.

On March 13, 1926, about 6:30 o'clock in the evening, the respondent's truck was driven into one of the principal streets of the city of Auburn, and parked on the margin of the street near the center of a block. The tank, at that time, had gasoline in its middle compartment only. It contained some 269 gallons. The valve before mentioned was open, and the gasoline was kept from escaping by the faucet at the end of the pipe leading to that compartment. There were lights burning on both front and rear of the truck. After parking the car, the driver of the truck went across the street to inquire of a customer of the respondent whether he was in need of gasoline. At about the time he started on his errand, the appellant parked his passenger automobile on the same side of the street and some fifty or sixty feet back of the truck. As the driver of the truck was returning from his errand, a stranger drove an automobile along the street, in the direction the truck and automobile were headed, in a careless and reckless manner and at an excessive rate of speed. He first struck the automobile of the appellant and proceeding along the street struck head-on

into the rear of the respondent's truck. The force of the impact broke the faucet off the end of the pipe leading to the compartment of the tank which contained gasoline, allowing the gasoline to flow into the street. The gasoline, soon after it started to flow caught on fire, and, before it ceased to burn, destroyed the automobile of the appellant and the tank truck, as well as the automobile of the stranger who was the immediate cause of the injury.

The appellant brought his action against the respondent on the theory that the respondent was guilty of negligence in its manner of transporting the gasoline, and that his loss was the result of the combined negligence of the respondent and the stranger mentioned. The argument is that gasoline is a highly dangerous substance, and that those who transport it over the public highways must exercise a degree of care commensurate with the danger to other users of the highway such transportation causes, and that it is not due care to transport it in a tank car equipped as the respondent's tank car was equipped; that it should have anticipated that the rear end of its truck might be struck by the accidental or negligent act of another user of the highway, and have guarded against such a contingency by keeping the shut-off valve closed except when gasoline was being drawn from the tank, and have guarded the faucets by bumpers, or bars, or in some manner that would have protected them from injury by collision.

[1] The principle of law relative to the liability of joint tort-feasors the appellant invokes is well settled in this jurisdiction. Whatever may be the rule elsewhere, we have uniformly held that, where the concurrent or successive negligence of two or more persons combined together results in an injury or loss to a third person, and the negligence of the one without the con-

curring negligence of the other would not have caused the injury or loss, the third person may recover from either or both for the damages suffered. *Eskildsen v. Seattle*, 29 Wash. 583, 70 Pac. 64; *Williams v. Ballard Lumber Co.*, 41 Wash. 338, 83 Pac. 323; *Thoresen v. St. Paul & Tacoma Lum. Co.*, 73 Wash. 99, 131 Pac. 645, 132 Pac. 860; *Jaquith v. Worden*, 73 Wash. 349, 132 Pac. 33, 48 L. R. A. (N. S.) 827; *Hellan v. Supply Laundry Co.*, 94 Wash. 683, 163 Pac. 9; *Hadley v. Arms & Scott*, 136 Wash. 632, 241 Pac. 26; *Elliott v. Seattle Chain & Mfg. Co.*, 141 Wash. 157, 251 Pac. 117.

[2] It is at once apparent, therefore, that if the respondent was negligent in transporting gasoline over the public highways in the manner it did transport it; that is to say, if it was bound to anticipate that its tank truck was liable to meet with a rear-end collision, such as it met with in this instance, and was bound to anticipate that such a collision would cause injury or loss to another, and failed to take the usual and ordinary precautions to guard against such contingencies, it is liable for the injury caused to the appellant's property.

There is no statute of the state, or ordinance of the city of Auburn, regulating the transportation of gasoline over the public highways of that city; hence, the respondent, whatever means it may have adopted for such transportation, violated no positive mandate of the law. Its conduct is to be measured by the rule applicable to conduct not regulated by positive law, namely, did it, in transporting gasoline on the public highways of the city of Auburn, in a tank truck equipped as its truck was equipped, exercise that degree of care which an ordinarily prudent and cautious person would exercise under like or similar circumstances?

The trial judge, who was the trier of the facts in the

instant case, found that the driver of the respondent's truck was not guilty of negligence in parking the truck on the margin of the street; found that the truck was equipped in the manner usual in such cases; and further found that the operator of the automobile which struck the truck, operated it in an unlawful, careless and reckless manner. We think he could well have found, also, that the blow struck by the collision was a severe one, and that no ordinary collision, such as sometimes happens and such as might be expected to happen, would have broken the pipes or faucets, and could have found that, while tank trucks equipped as this one was equipped had been long in use on the public highways, there were no instances which could be recalled where any of them had been struck so hard by a collision as to cause a leakage of gasoline.

In the main, the findings the court did make are sustained by the evidence. The proofs are ample to show that the driver of the automobile, who was the immediate cause of the injury, was reckless and negligent in the extreme, and there is nothing in the facts to show that it was negligence to park the tank truck at the place it was parked. It was on the margin of the highway, at the usual and ordinary place for parking automobiles temporarily, and a place where users of the highway would expect to find them. As to the custom the court found, it was shown that the greater number of tank trucks was equipped as this one was equipped, but the custom was not universal. Other dealers, on certain of their trucks at least, did protect the projecting pipes by bumpers and guards, but whether they closed the shut-off valves, until such times as gasoline was drawn from the tank, does not appear.

It is our opinion that the trial court did not err in its conclusions. Gasoline is, it is true, a dangerous

substance, and those who transport it over the public highways must use that degree of care commensurate with the dangers involved in so doing. But we think the respondent did so in this instance. The means it employed were safe against any ordinary danger to be encountered, and it was not bound to anticipate the unusual circumstances of one driving an automobile over the busy street of a city in an unlawful manner and in disregard of all the rules of ordinary prudence. The common every-day passenger automobile that carries a tank of gasoline on its rear, however well guarded, is not proof against such an accident. No ordinary rear-end collision will affect them, but they are not impervious to all blows. They do not carry the quantity of gasoline that was carried in this instance, but they carry enough to cause serious loss and damage should it be spilled on the paved way of a busy city street. Seemingly, therefore, unless it is to be held that all users of automobiles are negligent because of the manner in which they are equipped, the respondent cannot be held negligent in this instance.

We do not think we need review the many cases cited by the appellant's learned counsel. There can be no quarrel with the principles of law they announce, and, as we view them, these principles sustain, rather than oppose, the view we here reach.

The judgment is affirmed.

MAIN, HOLCOMB, and ASKREN, JJ., concur.