[No. 29412. Department Two. October 26, 1944.]

H. W. WHITAKER *et al., Respondents,* v. G. B. & S. MILL, INC., *Appellant.*[1]

'Reported in 152 P. (2d) 719.

*Homer B. Splawn* and *I. J. Bounds,* for appellant.

*Walter V. Swanson,* for respondents.

BLAKE, J.—This is an action on a promissory note. In its answer, defendant set up several affirmative defenses, among which was failure of consideration. By way of cross-complaint, it sought recovery of damages against plaintiffs on six separate alleged causes of action. On only the first of these alleged causes of action does defendant claim the evidence was sufficient for submission to the jury. The court, however, sustained a challenge to the sufficiency of the evidence in support of it, and submitted the case on the issues presented by the complaint and the answer.

The jury returned a verdict for the defendant. Plaintiffs interposed a motion for a new trial. Judgment was entered dismissing the first cause of action set up in defendant's cross-complaint, and granting "plaintiffs' motion for new trial . . . for the reason as expressed in . . . Memorandum Decision, to-wit: 'In view of the admitted failure on the part of the court to give the interrogatory [proposed by plaintiffs] the consideration which is required under such circumstances, and the resulting error, . . .' "

The proposed interrogatory reads as follows:

"Did the defendant, G. B. & S. Mill, Inc., receive from the Valley Iron Works, Inc., a corporation, monies and services for which the note of G. B. & S. Mill, Inc., was given which were not repaid?"

Since the matter of submitting special interroga-

tories to a jury rests entirely within the discretion of the trial court, error cannot be predicated upon its refusal to submit them. *Pencil v. Home Ins. Co.*, 3 Wash. 485, 28 Pac. 1031; *Keane v. Seattle*, 55 Wash. 622, 104 Pac. 819; *Purcell v. Warburton*, 70 Wash. 129, 126 Pac. 89; *Acres v. Frederick & Nelson*, 79 Wash. 402, 140 Pac. 370; *Schirmer v. Nethercutt*, 157 Wash. 172, 288 Pac. 265.

■ It would seem that failure to submit a requested interrogatory is tantamount to a refusal to give it. It would also seem clear that, if the refusal to submit a special interrogatory is not reviewable on appeal, it would not constitute "error at law," upon motion for new trial, in contemplation of Rem. Rev. Stat., § 399 [P. C. § 8225] (8), which provides:

"The former verdict . . . may be vacated and a new trial granted . . . for . . .

"8. Error in law occurring at the trial *and excepted to at the time by the party making the application*." (Italics ours.)

But conceding for the purposes of this decision that failure through inadvertence to submit an interrogatory to the jury constitutes error in contemplation of § 399 (8), the respondents were in no position to press it upon a motion for a new trial, for the error, if any, occurred at the trial, at the time the case was submitted to the jury for its deliberation and verdict; and respondents took no exception to the court's failure to submit their requested interrogatory. Indeed, they did not call the court's attention to it after submitting it in the midst of a long trial of complicated issues. It is not at all strange that the court overlooked the interrogatory when it came to submit the case to the jury. The error, if any, occurred at that time. Had respondents called the interrogatory to the court's attention then, their request would, it seems, have been granted. They did not do so, however, and they took no exception to the court's failure to submit it; consequently, the error, if any, affords no ground for granting a new trial under § 399 (8).

■ Respondents urge that an order granting a motion for a new trial rests in the discretionary power of the court, which this court will not review except where clearly abused. But this order is not couched in general terms. It rests upon a specific ground. It by no means follows that the court exercised its discretion in granting a new trial because of a failure to exercise its discretion upon a matter arising during the progress of the trial. The latter was error occurring at the trial and, under the circumstances, can afford no basis for the order granting a new trial.

■ An order granting a new trial upon specific grounds which are insufficient to support it, will not be reviewed nor sustained on other grounds. *Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615; *Gray v. Washington Water Power Co.,* 27 Wash. 713, 68 Pac. 360; *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011; *Grant v. Huschke,* 70 Wash. 174, 126 Pac. 416.

■ We now turn to the error assigned on the dismissal of appellant's first cause of action of the cross-complaint. The note which was the subject of respondents' action was secured by a "peculiar . . . rock crushing and grinding machine known as the G. B. & S. Mill," owned by appellant. July 20, 1940 (subsequent to the execution of the note and mortgage), appellant leased the mill to the Cemach Reduction Company. Appellant was obligated to move the mill from Yakima onto a mining property owned by the lessee in Blewett Pass, and to keep it in repair during the term of the lease. Before the mill was moved and installed, the Cemach Reduction Company repudiated the lease.

In its first cause of action of the cross-complaint, appellant alleged that respondents had willfully induced and brought about Cemach's repudiation of the lease by statements and conduct concerning the effectiveness of the lease and the efficiency of the mill. In the view we take of the case, however, it is unnecessary to summarize the evidence in support of these allegations, for, under the evidence, the damages are purely speculative. With respect to rental, the lease provided:

". . . the rental for the preceding month, which shall be a sum equivalent to Fifty Cents ($.50) for each ton of crude ore which has been run through the mill during the preceding month. . . .

"The lessee further agrees that beginning no later than October 1, 1940, he will run not less than Three Hundred (300) tons per month, through the said mill, based on six months' averages; that is to say, that based on six months' period, beginning October 1, 1940, and during each six months' period thereafter during the term of this Lease Agreement, lessee agrees that not less than Eighteen Hundred (1800) tons of ore will be milled; being understood however, that this shall not be construed as determining the total rental to be received by lessor, as lessor is to receive Fifty Cents ($.50) per ton on each ton of ore milled during the term of this lease, regardless of the number of tons milled."

It seems to be appellant's theory that, under these provisions, it is entitled to recover a minimum of fifty cents a ton to the extent of three hundred tons for every month throughout the term of the lease. We are unable so to construe the agreement. Obviously, it presupposes a body of ore in the mine upon which the mill was to be installed of sufficient value to justify its operation. Certainly, the lessee could not be required to run three hundred tons a month of basalt or country rock through the mill for twenty years and pay fifty cents a ton for the privilege of using the mill. There is no evidence in the record that there was any well-defined ore body on the property—much less that any ore of value had been blocked out. Furthermore, there is no proof whatsoever of the expense of moving the mill nor of the cost of keeping it in repair during the term of the lease. In the absence of evidence of such character, there was no basis upon which a verdict for damages could stand. In the light of the evidence, damages were too speculative and conjectural to justify submission of the issue to the jury. See *Webster v. Beau,* 77 Wash. 444, 137 Pac. 1013, 51 L. R. A. (N.S.) 81; *Cuschner v. Pittsburgh-Hickson Co.,* 91 Wash. 371, 157 Pac. 879; *Andreopulos v. Peresteredes,* 95 Wash. 282, 163 Pac. 770; *Ca-*

*tarau v. Sunde & d'Evers Co.,* 188 Wash. 592, 63 P. (2d) 365.

The judgment dismissing appellant's first cause of action of the cross-complaint is affirmed. The order granting respondents' motion for a new trial is reversed and the cause is remanded, with direction to enter judgment on the verdict.

SIMPSON, C. J., BEALS, ROBINSON, and MALLERY, JJ., concur.

December 5, 1944. Petition for rehearing denied.

